

1  JOHN A. RUSSO, City Attorney - State Bar No. 129729
   RANDOLPH W. HALL, Assistant City Attorney - State Bar No. 080142
2  JAMES F. HODGKINS, Supervising Trial Attorney – State Bar No. 14256
   CHARLES E. VOSE, Senior Deputy City Attorney, State Bar No. 139700
3  One Frank Ogawa Plaza, 6th Floor
   Oakland, California  94612
4  Telephone:  (510) 238-2961       Fax:  (510) 238-6500
   cevose@oaklandcityattorney.org
5  25759/404511

6  Attorneys for Defendants
   CITY OF OAKLAND, JOHN RUSSO,
7  ETHAN NASR and ARTURO SANCHEZ

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA     ADR

11

12  FRED ANDY IVEY dba AFI MARKETING       Case No. C07-02675
    and JOHN IVEY,
13                                          **DEFENDANTS CITY OF OAKLAND,**
              Plaintiffs,                   **JOHN RUSSO, ETHAN NASR, AND**
14                                          **ARTURO SANCHEZ'S PETITION FOR**
         v.                                 **REMOVAL TO FEDERAL COURT**
15
    CITY OF OAKLAND, CALIFORNIA, 370
16  EMBARCADERO W LLC, VANGUARD
    PROPERTIES, INC., JACOB GRAEF,
17  JOHN RUSSO, ETHAN NASR, TOM
    BERLIN, ARTURO SANCHEZ and DOES 1
18  THROUGH 50,

19            Defendants.

20

21

22       Petitioners, Defendants CITY OF OAKLAND, JOHN RUSSO, ETHAN NASR and

23  ARTURO SANCHEZ, state as follows:

24       1.    Defendants desire to exercise their rights under the provisions of Title 28

25  U.S.C. §1441, et seq. to remove this action from the Superior Court of the State of

26

DEFENDANTS CITY OF OAKLAND, JOHN RUSSO,
ETHAN NASR, AND ARTURO SANCHEZ'S PETITION
FOR REMOVAL TO FEDERAL COURT

ORIGINAL

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

FILED
MAY 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Fee Paid
NP

1 California, County of Alameda, where this action is now pending as <u>Ivey, et al. v. City of</u>

2 <u>Oakland, et al.</u>, Superior Court No. RG07-320746.

3   2.      This is an action of a civil nature in which the District Courts of the United

4 States have been given original jurisdiction in that it arises, in part, under the laws of the

5

6 United States, as provided in 28 U.S.C. §1331 and, further, that it arises out of Acts of

7 Congress commonly known as 42 U.S.C. §1983.

8   3.      This removal is made pursuant to the provisions of 42 U.S.C. §1983. The

9 claims under 42 U.S.C. §1983 are separate and independent claims against the removing

10 defendants and defendants JACOB GRAEF and TOM BERLIN (who have not yet been

11 served). Therefore consent to joinder in the removal by defendants 370 EMBARCADERO

12 W, LLC and VANGUARD PROPERTIES is unnecessary.

13

14   4.      The date on or before which these defendants are required by the

15 California Code of Civil Procedure and the Rules of the Alameda County Superior Court to

16 answer or otherwise plead to Plaintiffs' complaint has not lapsed.   Plaintiffs' complaint

17 was served on Defendants CITY OF OAKLAND, JOHN RUSSO, and ARTURO

18 SANCHEZ on April 19, 2007. Plaintiffs' complaint was served on Defendant JOHN

19 RUSSO by substitute service, effective May 4, 2007. Plaintiffs' complaint was served on

20

21 defendant ETHAN NASR on May 11, 2007. This Petition for Removal is filed in

22 accordance with the requirements of 28 U.S.C. §1446.

23   5.      Pursuant to the provisions of 28 U.S.C. §1446, Defendants attach herewith

24 and incorporate herein by reference, copies of the following documents served upon the

25 parties in this action:

26

DEFENDANTS' CITY OF OAKLAND, JOHN RUSSO,
AND ARTURO SANCHEZ'S PETITION FOR
REMOVAL TO FEDERAL COURT                                                                    -2-

1    (a)    Summons and Complaint for Damages. [Summonses Issued to (1) CITY

2  OF OAKLAND; (2) JOHN RUSSO, (3) ARTURO SANCHEZ.

3    6.    As declared above, Defendants CITY OF OAKLAND, JOHN RUSSO,

4  ETHAN NASR, and ARTURO SANCHEZ desire and are entitled to have this action

5
  removed from the Superior Court of the State of California for the County of Alameda,
6

7  where the suit is pending, to the United States District Court for the Northern District of

8  California, said district being the proper district for removal of the action, and conditioned

9  upon Defendants paying all costs and disbursements incurred by reason of these removal

10  proceedings should it be determined that this action was not removable or was improperly

11  removed.

12    7.    Written notice of the filing of this Petition will be given to all parties to this

13
  action as required by law.
14

15    8.    A true copy of this petition will be filed with the Alameda County Superior

16  Court as provided by law.

17  ///

18  ///

19  ///

20  ///

21
22  ///

23  ///

24  ///

25  ///

26

DEFENDANTS' CITY OF OAKLAND, JOHN RUSSO,
AND ARTURO SANCHEZ'S PETITION FOR                                                    -3-
REMOVAL TO FEDERAL COURT

1      9.      Defendants CITY OF OAKLAND, JOHN RUSSO, ETHAN NASR, and

2    ARTURO SANCHEZ respectfully request that this action be removed to this court and that

3    this court accept jurisdiction of this action. The aforementioned defendants further

4    request that this action be placed on the docket of this court for further proceedings as if

5    this action had been originally filed in this court.

6

7    Dated: MAY 21, 2007

8                                    JOHN A. RUSSO, City Attorney
                                     RANDOLPH W. HALL, Assistant City Attorney
9                                    JAMES F. HODGKINS, Supervising Trial Attorney
                                     CHARLES E. VOSE, Senior Deputy City Attorney

10

11                        By:_____
                                     Attorneys for Defendants
12                                   CITY OF OAKLAND, JOHN RUSSO,
                                     ETHAN NASR and ARTURO SANCHEZ

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' CITY OF OAKLAND, JOHN RUSSO,
AND ARTURO SANCHEZ'S PETITION FOR                                          -4-
REMOVAL TO FEDERAL COURT

**EXHIBIT  A**

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF OAKLAND, CALIFORNIA ,.370 EMBARCADERO LLC,
VANGUARD PROPERTIES INC., JACOB GRAEF, JOHN RUSSO,
ETAHN NASR, TOM BERLIN, ARTURO SANCHEZ, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRED ANDY IVEY dba AFI MARKETING, and JOHN IVEY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
OAKLAND , CA 94607

CASE NUMBER:
*(Número del Caso):*
RG 07320746

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David BRYDEN (Bar # 161144)                                   Phone No. (510) 839-4687
160 FRANKLIN ST, OAKLAND D, CA 94607                          Fax No.  (510) 837-4689

DATE: APR 1 3 2007 PAT S. SWEETEN          Clerk, by ___E. BAKER_____ , Deputy
*(Fecha)*                                  *(Secretario)* Active Officer/Clerk of the Superior Court   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

1  David Bryden SBN 161144
   160 Franklin St.
2  Oakland CA 94607
   tel  510 839 4687
3  fax 510 839 4689

4  Attorney for Fred Andy Ivey and John Ivey

5

6

7

8

9                SUPREME COURT OF CALIFORNIA

10                    ALAMEDA COUNTY

11

12 FRED ANDY IVEY dba AFI MARKETING and  )    CASE #
   JOHN IVEY                              )
13                                        )    COMPLAINT
                                          )
14 Plaintiffs                             )    VIOLATION OF CIVIL RIGHTS
                                          )    UNDER COLOR OF STATE
15 v.                                     )    LAW [ 42 USC §1983 ]
                                          )
16 CITY OF OAKLAND, CALIFORNIA,           )    FREE SPEECH
   370 EMBARCADERO W  LLC , VANGUARD      )    DUE PROCESS
17  PROPERTIES INC, JACOB GRAEF ,         )    EQUAL PROTECTION
   JOHN RUSSO, ETHAN NASR, TOM BERLIN,    )
18 ARTURO SANCHEZ, and DOES 1 -50         )    BREACH OF COVENANT OF
                                          )    GOOD FAITH & FAIR DEALING
19                                        )
                                          )    NEGLIGENCE, LIBEL
20 Defendants                             )    INVERSE CONDEMNATION
                                          )
21                                        )
                                          )
22 ─────────────────────────────         )

23

24 PLAINTIFFS ALLEGE:

25 1.   This is an action brought under 42 U. S. C. §1983 to recover damages from THE CITY

26 OF OAKLAND CALIFORNIA and 370 EMBARCADERO W. LLC Who acting in collusion

27 and under color of state law violated both Plaintiffs' right to Due Process of Law and Right

28 to Equal Protection Under the Law as guaranteed by the 14th Amendment to the

   Ivey v. Oakland COMPLAINT

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 3 2007

CLERK OF THE SUPERIOR COURT
By _____ E. BAKER
                          Deputy

1  Constitution of the United States and Right to Free Speech as Guaranteed by the First
2  Amendment to the United States Constitution as further set out below. The complaint also
3  states Causes of Action for Breach of the Covenant of Good Faith and Fair Dealing as to
4  Defendant 370 Embarcadero W. LLC. Causing damages to Plaintiff Fred Ivey and for
5  Negligence and Inverse Condemnation in violation of California Constitution Art. 1 §19
6  by the City of Oakland causing damage to Plaintiff Fred Ivey and an action for Libel by Lt.
7  Tom Berlin causing damage to Plaintiff John Ivey.

8  2.    Plaintiff Fred Andy Ivey is a natural person doing and at all times mentioned herein
9  was and is doing business as AFI Marketing Inc in the City of Oakland California .was and
10 is a resident of the State of Florida.

11 3.   Plaintiff John Ivey is a natural person doing and at all times mentioned herein was and
12 is      a RESIDENT OF Oakland, Alameda County , California.

13 4.    Defendant CITY OF OAKLAND, ("CITY") is and at all times mentioned herein was a
14 charter city organized and existing under the constitution and laws of the State of
15 California.

16 5.    Defendant 370 Embarcadero LLC is a limited liability Corporation formed for the sole
17 purpose of developing a high rise condominium building at 370 Embarcadero W. City of
18 Oakland, California . 370 Embarcadero LLC is wholly owned by Defendant VANGUARD
19 PROPERTIES form of entity unknown Plaintiffs. 370 Embarcadero W. is the alter ego of
20 Vanguard properties such that liability to 370 Embarcadero LLC should be liability to
21 Vanguard Properties.

22 6.    Defendant JOHN RUSSO is the City Attorney for The City of Oakland.

23 7.    Defendant ETHAN NASR is an Attorney for the City of Oakland.

24 8.    Defendant ARTURO SANCHEZ , is and was an employee of the City of Oakland , as
25 an Attorney.

26 9.    Defendant JACOB GRAEF is and was employed by the City of Oakland , Police
27 Department Vice , Alcoholic Beverages Unit.

28 10. Defendant Lt. TOM BERLIN is and was  employed by the City of Oakland , Police

Ivey v. Oakland COMPLAINT          - 2 -

1 | Department

2 | 1.    Plaintiffs are informed and so believe, and thereon allege, that each of the

3 | Defendants herein, was at all times relevant to this action, the owner, agent, employee,

4 | representing partner, and/ or joint venturer of the remaining Defendants and was acting

5 | within the scope and course of that relationship. Plaintiff is further informed and believes,

6 | and thereon alleges, that each of the Defendants herein gave consent, ratified, and

7 | authorized the acts alleged herein to each of the remaining Defendants.

8 | 12. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein

9 | as Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names.

10 | Plaintiff will pray leave of this Court to amend this complaint to allege the true names and

11 | capacities when ascertained.

12 |

13 | GENERAL FACTUAL ALLEGATIONS

14 |

15 | 1.    In April 2006 Defendant 370 Embarcadero W. LLC , or agents intending to form that

16 | Corporation, applied for pre approval zoning and other issues,  with Defendant City of

17 | Oakland for a "95 unit mixed use building" . Application # ZP060091

18 | 14.    In May of 2006 Plaintiff Fred Ivey dba AFI Marketing incorporated had a contract for

19 | the lease of real property commonly known as 370 Embarcadero West, City of Oakland

20 | with the owner Marilyn Cohn aka Marilyn Arnold. The Lease term in the contract was July

21 | 2002  through June 30, 2009.  COPY OF THE CONTRACT IS ATTACHED AS EXHIBIT

22 | ONE and is incorporated by reference herein.

23 | 15.    Plaintiff Fred Ivey and his brother John Ivey operated " Mingles" at the 370

24 | Embarcadero W. location since July 2002.  Mingles was a popular and highly profitable

25 | night club offering live music venues. The music generally was described as "Urban Hip

26 | Hop" and "Rap". Mingles also offered poetry readings and an open microphone venue

27 | where any one was allowed to provide uncensored artistic renditions or to make social and

28 | political  commentary .

Ivey v. Oakland COMPLAINT          - 3 -

1   16.   On or about May 11, 2006 Defendant Nathan Nasr signed a letter with Defendant
2   John Russo's name on it from the City Attorney and addressed to Marilyn Arnold at the
3   address of Marilyn Cohn and concerning 370 Embarcadero W. . Said letter declared that
4   there was "Nuisance" on the Property and threatened "(d)rastic remedies, including the
5   associated administrative and legal fees".

6   1.   Upon learning of the Nuisance letter Plaintiffs immediately agreed to indemnify and
7   defend Marilyn Cohn pursuant to the Lease Agreement alleged herein.

8   8.   Plaintiffs attempted to file with the Defendant City of Oakland an "Administrative
9   Appeal Declaration of Nuisance" The City of Oakland and in particular, Defendant Arturo
10   Sanchez would not accept the Appeal.

11   9.   Plaintiffs negotiated in good faith with The City and instituted a number of
12   recommendations concerning security and dress codes voluntarily.

13   20.   Defendant 370 Embarcadero LLC offered to purchase the property from Marilyn
14   Cohn. They negotiated a sale and the lease was assigned to 370 Embarcadero LLC

15   21.   In the early morning hours of November 11, 2006 Deanna Smith was shot and killed
16   at about the 200 block of Webster Street in Oakland.

17   22.   There were three night clubs in operation at the time and near the vicinity where
18   Deanna Smith was shot. "Simones" Night Club, "The Warehouse Bar and Grill" and
19   Mingles"

20   23.   Defendant Lt. Tom Berlin of the Oakland Police Department arrived on the scene to
21   investigate the shooting.  Defendant Berlin, without cause made defamatory and libelous
22   statements to the media concerning the shooting without basis or with knowledge that they
23   were false. Among the false statements made were that the shooting was associated with
24   Mingles. That Smith had been in Mingles immediately prior to the shooting, that there was
25   two factions shooting at each other and that Smith was caught in the cross fire.

26   24.   Defendant Berlin refused to interview a witness claiming to see the shooter and
27   claiming that Smith had come from Simone's night club prior to the shooting.

28   25.   Defendant Berlin's false statements were repeated on radio, television and news

Ivey v. Oakland COMPLAINT                -4-

1 | paper accounts of the shooting relating the shooting to the operations of Mingles.

2 | 26 Plaintiff John Ivey, acting as General Manager of Mingles and out of concern for public
3 | safety voluntarily closed Mingles Night Club.

4 | 27.  Plaintiffs conducted an independent investigation in to the shooting of Smith and
5 | reviewed every aspect of their operations.

6 | 28.  Plaintiffs concluded that the Smith shooting was not related to or caused by their
7 | operations.

8 | 29 On December1, 2006 Defendant Fred Ivey met with Barbara Killey (an administrative
9 | hearing officer for Oakland , Defendant Graef and others to discuss the reinstatement of
10 | Mingle's CABARET PERMIT. A Cabaret Permit is necessary to have live music in Oakland.
11 | Killey stated that she considered the Cabaret Permit suspended from the closing of
12 | Mingles.

13 | 30.  During the meeting Killey and other representatives of the City of Oakland made it
14 | clear that they expected Mingles to remain shut down and without a Cabaret Permit.

15 | 31.  At the Meeting Plaintiff Fred Ivey announced his intention to re open on December
16 | 15, 2006 for sales of alcoholic beverages only until he could obtain a cabaret permit .

17 | 32. Plaintiffs then engaged the services of a Mr. Rodriguez to make general repairs to the
18 | interior of the building including repair of a dangerous condition to the floor.  None of the
19 | repairs required a building permit.

20 | 33.  In January 2006 while engaged in the repairs,  Rodriguez and his employees were
21 | confronted by members of the Oakland Police Department unknown to Plaintiffs. The
22 | Police Officers instructed them to cease doing any repair work without permission of the
23 | owner and without a permit

24 | 34. Plaintiffs attempted to contact the owner, Defendant 370 Embarcadero LLC to obtain
25 | cooperation with the repairs. The defendant did not respond.

26 | 35  Rodriguez felt that a Permit might be required for the installation of a sink. Rodriguez
27 | went to the City Permit Center and was told that a "special note" was placed in the property
28 | file instructing that no permits were to be issued.

Ivey v. Oakland COMPLAINT              - 5 -

1    36.  Rodriguez returned to the Permit Center a second time to make inquiries and was
2    once again told that no permits could be issued and no repairs made to the building.

3    37.  On or about January 6, 2007 a letter from Defendant John Russo, City attorney
4    signed by Defendant Ethan Nasr addressed to Marge Vincent, and employee , agent or
5    principal of Defendant 370 Embarcadero LLC was mailed. The letter was intended to be
6    a official notice of nuisance activity At 370 Embarcadero W. Oakland. No notice was given
7    to Plaintiffs

8    38.  Defendant 370 Embarcadero LLC did not inform the Plaintiffs of the Notice of
9    Nuisance which, inter alia, alleged that Plaintiffs were creating a nuisance on the property.
10   39.  Defendant 370 Embarcadero did not investigate in to the allegations contained in
11   the Notice of nuisance, failed to appeal, challenge or rebut the allegations in any way and
12   allowed a thirty day appeal period to expire.

13   40.  Upon learning of the Notice of Nuisance plaintiffs requested information on how to
14   appeal the Notice and was told by City Officials that they had no standing and could not
15   appeal.

16   41.  On or about the first week of January 2007 Plaintiffs made an arrangement and
17   reached an agreement that, Officer Graef from the City of Oakland, other City Inspectors
18   and Guillermo Rodriguez would meet at the premises on January 12, 2007 to discuss what
19   repairs would be necessary to re open the lease hold for business.  Neither the City nor
20   the Landlord appeared at the premises as agreed.

21   42. On or about December 15, 2007 Defendant Officer Jacob Graef caused to be posted
22   an official form at the Premises closing the business until " complete inspections..."

23   43. After December  16, 2007 Plaintiffs made numerous attempts to learn from Graef and
24   others with the City of Oakland how to proceed with obtaining the various inspections
25   alluded to by the Notice.  These attempts were directed at Officer Graef, at John Russo
26   and Laura Blair.  To date Plaintiffs have received no answer to the inquiries as to how to
27   obtain the inspections  the City desires.

28   44.  On January 23, 2007 Plaintiff Fred Ivey caused a letter, attached as Exhibit Two and

Ivey v. Oakland COMPLAINT                    - 6 -

1  incorporated by reference to marge Vincent, Defendant 370 Embarcadero LLC has never
2  responded to the letter.

3  45. On January 24, 2007 Defendant 370 Embarcadero LLC filed suit in unlawful detainer
4  against Plaintiff Fred Ivey Alameda # WG07 307 307885.

5

6                  FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
7                  DENIAL OF EQUAL PROTECTION UNDER THE LAW

8

9  46. Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 above.

10  47. The City of Oakland and the 370 Embarcadero LLC have acted in collusion to shut
11  down Mingles Night Club to further the City's aims further developing residential housing
12  in the area to increase its tax base and for the benefit and profit of 370 Embarcadero LLC.
13  48.    One tool to shut down Mingles is the Notice of Nuisance. The two Notices of
14  Nuisances issued here only allege general criminal activity common to the Oakland Urban
15  Area. The Second Notice of January 2007 alleges a nuisance when the business was not
16  operating.

17  49. Numerous other businesses operate similar operations to Mingles night club in the
18  area commonly known as the Jack London Square Area.

19  50.    No other business has been declared or noticed as a nuisance in the Jack London
20  Square Area.

21  51.    The City's selective enforcement of nuisance laws and wrong application of the
22  nuisances law as to the Mingles business denies and denies the plaintiffs their right to
23  Equal Protection of the law as guaranteed by the Fourteenth Amendment to the
24  Constitution of the United States .

25  52. As a proximate cause of the denial of equal protection of the law plaintiffs have been
26  damaged in loss of their business and employment in an amount to be proven at trial.

27

28

Ivey v. Oakland COMPLAINT              - 7 -

1

## SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS

2

## DENIAL OF DUE PROCESS

3

4   53.   Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47

5   above .

6   54.   The City's refusal to allow the plaintiffs to challenge or appeal their Notices of

7   Nuisance activity is a refusal to allow due process. The City's refusal to challenge, appeal

8   or allow inspections concerning its Closure Notice issued by Officer Graef is a denial of

9   due process as guaranteed by the Fourteenth Amendment to the United States

10   Constitution .

11   55.   As a proximate cause of the denial of due process of the law plaintiffs have been

12   damaged in loss of their business and employment in an amount to be proven at trial.

13

14   ## THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS

15   ## VIOLATION OF FREE SPEECH.

16   56.   Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47

17   above .

18   57.   The closure of Mingles Night Club is motivated in part and has the affect of

19   removing a distinct form of musical and political expression from the Jack London Square

20   Area . They City of Oakland is acting under the color of law to deprive Plaintiffs of their

21   Freedom of Speech as guaranteed by the First Amendment to the Constitution of the

22   United States.

23   58.   Plaintiffs have been damaged in an amount to be proven at trial.

24

25

26

27

28

Ivey v. Oakland COMPLAINT               - 8 -

1    FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS

2    INVERSE CONDEMNATION

3    59.    Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47

4    above.

5    60. The actions taken by the City of Oakland constitute a taking of an interest in real

6    property and of an established and vested business interest without compensation in

7    violation of the Fifth Amendment of the Constitution of the United States and is an inverse

8    condemnation in violation of California Constitution Article 1, § 19

9    61.   Plaintiffs have been damaged by this taking in an amount to be determined at trial

10

11    FIFTH CAUSE OF ACTION AS TO DEFENDANT LT. TOM BERLIN

12    LIBEL

13

14    62.   Plaintiffs re allege paragraphs 21 through 25 above.

15    63.   Defendant Tom Berlin made false statements to the press that were published

16    64.   These statements concerned the business of plaintiffs

17    65.   The publication of these statements injured plaintiffs in their occupation.

18    66.   The false statements were the proximate cause of special damages to be proven at

19    trial.

20

21    SIXTH CAUSE OF ACTION AS 370 EMBARCADERO LLC.

22    BREACH OF COVENANT OF GOOD FAITH A FAIR DEALING

23

24    68.    Plaintiff Fred Andy Ivey re alleges and incorporates by reference paragraphs 1

25    through 45 and 47 above.

26    67.    The lease contract contains an implied covenant of good faith and fair dealing

27    which requires Defendant 370 Embarcadero LLC to refrain from doing anything which

28    would make performance of the contract impossible. The covenant presupposes that 370

Ivey v. Oakland COMPLAINT                  - 9 -

1  Embarcadero LLC would do to accomplish its purposes.

2  69.    370 Embarcadero LLC purchased the building with full knowledge that the City had
3  alleged a nuisance.

4  70.   In failing to allow for inspections, to cooperate with obtaining a permit,  not informing
5  Plaintiff that it had received a Notice of Nuisance and with not allowing Plaintiff to
6  challenge or appeal a Notice of Nuisance , Defendant has breached the Covenant of Good
7  Faith and Fair Dealing.

8  71.   Plaintiff has been proximately caused damages by the breaches in an amount to be
9  determined at trial.

10

11  WHEREFORE PLAINTIFFS PRAY

12  1. For judgment to be entered

13  2. For costs.

14  3. For attorneys fees pursuant to contract with defendant 370 Embarcadero LLC.

15  4. For declaratory relief as appropriate against Defendant City of Oakland .

16

17  Dated: April    2007

18

19                                                        David Bryden

20

21

22

23

24

25

26

27

28

Ivey v. Oakland COMPLAINT                - 10 -