<u>Title 1 GENERAL PROVISIONS</u>

---

## Chapter 1.08 CIVIL PENALTIES

 <u>1.08.010 Purpose.</u>

<u>1.08.020 Scope.</u>

<u>1.08.030 Violations.</u>

<u>1.08.040 Authority.</u>

<u>1.08.050 Notification.</u>

<u>1.08.060 Assessment.</u>

<u>1.08.070 Administrative expenses.</u>

<u>1.08.080 Administrative hearing.</u>

<u>1.08.090 Remedies not exclusive.</u>

## 1.08.010 Purpose.

The purpose of this chapter is to provide for the protection, health, safety, and general public welfare of the residents of the city and to preserve the livability, appearance, property values, and social and economic stability of the city by providing an alternative method of code enforcement to effect abatement of violations of the laws, codes, ordinances and regulations identified in this chapter. (Ord. 12550 § 1 (part), 2003: Ord. 11805 § 1 (part), 1995: prior code § 1-6.01)

## 1.08.020 Scope.

A. This chapter authorizes the administrative assessment of civil penalties to effect abatement of:
1. Any violations of provisions of the following Oakland Municipal Codes: Oakland Building Code (OMC Chapter 15.04), the Oakland Housing Code (OMC Chapter 15.08), Uniform Fire Code (OMC Chapter 15.12), Fire Damaged Area Protection & Improvement Code (OMC Chapter 15.16) Bedroom Window Security Bar & Smoke Detector Permit Code (OMC Chapter 15.64), Oakland Planning Code (OMC Title 17), Transient Occupancy Tax Code (OMC Chapter 4.24), Hotel Rates & Register Code (OMC Chapter 5.34), Animal Code (OMC Title 6), Health & Safety Code (OMC Title 8), Public Peace, Morals and Welfare Code (OMC Title 9), Vehicles and Traffic Code (OMC Title 10), Streets, Sidewalks & Public Places Code (OMC Title 12), Creek Protection, Storm Water Management and Discharge Control Code (OMC Chapter 13.16) and the Oakland Sign Code (OMC Chapter 14); or,
2. The occurrence of anything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, which affects-at-the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal; or
3. The occurrence of any public nuisance as known at common law or in equity jurisprudence, or
4. The violation of any state or federal law or regulations under which such violation is deemed a public nuisance.
B. Civil penalties established in this chapter are in addition to any other administrative or legal remedy which may be pursued by the city to address violations of the codes and ordinances identified in this

chapter. (Ord. 12550 § 1, (part), 2003; Ord. 12025 § 6, 1997; Ord. 12019 § 3, 1997; Ord. 11989 § 5, 1997; Ord. 11805 § 1 (part), 1995: prior code § 1-6.02)

## 1.08.030 Violations.

A. Violation. A violation shall exist whenever any provision of the codes and ordinances identified in this chapter has been violated and the real property or structure thereon identified with the violation has been declared and remains a public nuisance.

B. Public Nuisance. For the purposes of this chapter, a public nuisance shall exist whenever a condition on a property is maintained in violation of codes and ordinances identified in this chapter or in violation of California Civil Code Sections 3479 and 3480, or at common law or in equity jurisprudence. A public nuisance shall also exist whenever a condition so identified is corrected but recurs, and continues as a recurrent problem.

C. Responsible Department. The responsible department shall be the city department, its Director or Deputy Director, or other person so designated either by the City Manager or code or ordinance as responsible for enforcement of the provisions of the codes and ordinances identified in this chapter.

D. Responsible Person. The responsible person shall be a natural person, heirs, executors, administrators, or assigns, firm, partnership, or corporation, its heirs or their successors or assigns, or the agent of any of the aforesaid, responsible for the creation, existence, commission, and/or maintenance of a violation of the codes and ordinances identified in this chapter. (Ord. 12550 § 1 (part), 2003: Ord. 11805 § 1 (part), 1995: prior code § 1-6.03)

## 1.08.040 Authority.

A. Whenever conditions upon a property or structure thereon constitute a major violation as defined in this chapter, administrative civil penalties may be assessed to affect abatement.

B. The City Manager, or his or her designee, is authorized to assess civil penalties administratively in accordance with the procedures established in this chapter.

C. The responsible person(s) creating, committing, condoning, or maintaining a major violation of any provision of the codes and ordinances identified in this chapter shall be subject to civil penalties as established in this chapter.

D. Each and every day a major violation of any provision of the codes and ordinances identified in this chapter exists shall constitute a separate and distinct offense.

E. Separate civil penalties may be assessed for separate major violations or separate dates of occurrence.

F. Full or partial reimbursement or recovery of civil penalties and administrative expenses shall not excuse the failure to correct the major violations wholly and permanently nor shall it predude the assessment of additional civil penalties or other abatement actions by the city.

G. Civil penalties and related administrative expenses, induding attorneys' fees, shall accrue to the account of the responsible department and may be recovered by all appropriate legal means, induding but not limited to nuisance abatement lien and special assessment/priority lien of the general tax levy, or by civil and small claims action brought by the city, or both. (Ord. 12623 § 2 (part), 2004: Ord. 11805 § 1 (part), 1995: prior code § 1-6.04) (Ord. 12550 § 1 (part), 2003: Ord. 11805 § 1 (part), 1995: prior code § 1-6.04)

## 1.08.050 Notification.

A. Whenever civil penalties are administratively assessed, a notification of the abatement action shall be served upon the responsible person and, as applicable, to any other party revealed by public records to have record title or similar legal interest in the property. Such notification may be served in conjunction with notification of other actions by the city to abate the violation.

B. The assessment notice shall be served by one or more of the following methods:

1. Personal delivery with acknowledged receipt;
2. Certified mail with return receipt requested to the last known mailing address; or
3. Constructive public notification, including but not limited to the following:
a. Publication in a newspaper of general circulation, or
b. Filing of an affidavit with the Office of the City Clerk certifying to the time and manner in which such notification was sent by regular mail, or
c. Conspicuous posting on or in the vicinity of the property.

C. Failure to serve such person(s) or failure of such person(s) to receive timely notification shall not affect in any manner the validity of any abatement actions taken or procedures conducted as established in this chapter.

D. The assessment notice shall minimally identify the following factors:

1. The provisions of the code or ordinance violated and the descriptive nature of the major violations;

2. The locations of the major violations and the dates of occurrence;

3. The remedial actions required to correct the violations wholly and permanently and the time constraints for commencing and completing the corrections;

4. The dollar amount and rate of recurrence and duration of civil penalties;

5. The dates when civil penalties will begin to accrue and will cease;

6. The criteria used in determining the amount and rate of recurrence and duration of civil penalties;

7. Other consequences, as applicable, should the violations not be wholly and permanently corrected in accordance with the terms and conditions and time constraints identified; and

8. The procedures for obtaining an administrative hearing regarding the assessment of civil penalties. (Ord. 12550 § 1 (part), 2003: Ord. 11805 § 1 (part), 1995: prior code § 1-6.05)

## 1.08.060 Assessment.

A. The City Manager, or his or her designee, is authorized to establish a schedule of violations and assessments or similar guidelines for assessing the amount, rate of recurrence, and duration of civil penalties.

B. Civil penalties, excluding accruing interest, shall not be assessed at more than one thousand dollars ($1,000.00) each day nor more than three hundred sixty five thousand dollars ($365,000.00) cumulatively each calendar year for an individual parcel or separate structure thereon for any related series of major violations.

C. The assessment of civil penalties may begin to accrue on the date of initial occurrence of the violation, as identified by the city.

D. The assessment of civil penalties shall cease when all major violations are wholly and permanently corrected.

E. Civil penalties shall be assessed based upon the following factors:

1. The duration and frequency of recurrence of the major violation;

2. The detrimental effects of the major violation on the occupants of the property and the surrounding neighborhood and the community at large;

3. The history of compliance efforts by the responsible person to correct the major violation wholly and permanently;

4. The viability of the civil penalty to effect abatement of the major violation wholly and permanently;

5. Other factors that serve justice. (Ord. 12623 § 2 (part), 2004: Ord. 12550 § 2 (part), 2003: Ord. 11805 § 1 (part), 1995: prior code § 1-6.06)

## 1.08.070 Administrative expenses.

Administrative costs, charges, fees, and interest shall be as established in the master fee schedule of the city. (Ord. 12550 § 1 (part), 2003: Ord. 11805 § 1 (part), 1995: prior code § 1-6.07)

## 1.08.080 Administrative hearing.

A. The responsible person(s) may request an administrative hearing to adjudicate the assessment of civil penalties by filing such request in writing with the City Manager, or his or her designee, pursuant to standards and procedures established in the Oakland Housing Code except that alternate or additional standards may be promulgated by the City Manager, or his or her designee, for requesting an administrative hearing regarding the assessment of civil penalties for violations of codes and ordinances other than the Oakland Housing Code.

B. The City Manager, or his or her designee, is authorized to establish standards and procedures for conducting an administrative hearing and evaluating evidentiary testimony and either affirming the assessment of civil penalties or remanding for further determination, pursuant to standards and procedures established in the Oakland Housing Code, Section 15.08.350C, except that alternate or additional standards and procedures may be promulgated by the City Manager, or his or her designee, for conducting an administrative hearing and evaluating evidentiary testimony regarding the violation of codes and ordinances other than the Oakland Housing Code.

C. In all instances, the determination regarding civil penalties resulting from the administrative hearing shall be final and conclusive.

D. The City Manager, or his or her designee, is authorized to establish standards and procedures for adjustment of civil penalties previously assessed for extraordinary circumstances which are expressly demonstrated to serve the best interests of the city. (Ord. 12550 § 1 (part), 2003: Ord. 11805 § 1 (part), 1995: prior code § 1-6.08)

## 1.08.090 Remedies not exclusive.

Remedies under this chapter are in addition to and do not supersede or limit any and all other remedies, civil or criminal. The remedies provided for herein shall be cumulative and not exclusive. The enforcement official shall have the discretion to select a particular remedy to further the purposes and intent of the chapter, depending on the particular circumstances. The enforcement official's decision to select a particular remedy is not subject to appeal. (Ord. 12550 § 1 (part), 2003)

<< previous | next >>