| Date | Action | Image (Java) | Image (TIFF) |
|---|---|---|---|
| 01/24/07 | Complaint Unlawful Detainer Filed | | |
| 01/24/07 | Civil Case Cover Sheet Filed for 370 Embarcadero, LLC | | |
| 01/24/07 | Summons on Complaint Issued and Filed | | |
| 01/26/07 | Notice of Delayed Access to UD Case Issued | | |
| 01/30/07 | Application Re: Posting Summons and Complaint Filed for 370 Embarcadero, LLC | | |
| 01/31/07 | Application Re: Posting Summons and Complaint Granted | | |
| 02/13/07 | Answer to Complaint Filed for Andy Ivey | | |

*5365170*

ANDREW M. ZACKS (SBN 147794)
PATRICIA CALDWELL (SBN 216707)
ZACKS UTRECHT & LEADBETTER, P.C.
235 Montgomery Street, Suite 400
San Francisco, CA 94104
(415) 956-8100

Attorneys for Plaintiff
370 Embarcadero LLC

FILED
ALAMEDA COUNTY
JAN 24 2007
CLERK OF THE SUPERIOR COURT
By [signature] Deputy

SUPERIOR COURT - STATE OF CALIFORNIA
ALLEN E. BROUSSARD JUSTICE CENTER
COUNTY OF ALAMEDA - LIMITED CIVIL JURISDICTION

370 EMBARCADERO, LLC, a California Limited Liability Company

Plaintiff,

v.

ANDY IVEY aka FRED IVEY, ALL OCCUPANTS IN POSSESSION, and Does 1-10, inclusive,

Defendants

CASE NO. G07-307885

COMPLAINT FOR UNLAWFUL DETAINER

[Complaint seeks under $10,000]

Plaintiff 370 Embarcadero, LLC, a California Limited Liability Company ("Plaintiff") alleges as follows:

1. Plaintiff is a limited liability company licensed to do business in the state of California and doing business in the above entitled County and Judicial District.

2. Plaintiff is the owner of commercial real property located at 370 Embarcadero W, Oakland, California 94607 ("Premises").

3. Defendant Andy Ivey aka Fred Ivey ("Tenant Defendant"), and Does 1-10 (all defendants jointly "Defendants") are in possession of the Premises.

ORIGINAL

4. The true names and capacities of Defendants sued as *Does* are unknown to Plaintiff. Pursuant to the provisions of Code of Civil Procedure §474, Plaintiff will seek, and prays for, leave to amend this complaint to state the true names and capacities of said defendants when and if the same are ascertained

5. Tenant Defendant is in possession of the Premises pursuant to an written rental agreement with a predecessor-in-interest of Plaintiff dated July 15, 2002 ("Rental Agreement"). Attached as EXHIBIT A is a true and correct copy of the Rental Agreement. Plaintiff and Defendants had a landlord-tenant relationship with respect to the Premises.

5. In violation of C.C.P. § 1161(4), Defendants committed a nuisance on or about the Premises. Specifically, as of the date the Notice was served, Defendants had permitted the following:

a) Maintained a public nuisance by operating a bar and nightclub in a manner that: 1) created crowds that loiter in the vicinity of the Premises, 2) the crowds are of the type that attract, promote, and cause violence, and 3) frequent acts of actual violence, homicides, and criminal conduct has resulted in the vicinity of the Premises. The violence includes multiple shootings, and other physical assaults;

b) Maintained a public nuisance by operating a bar and nightclub in a manner that: 1) created crowds that loiter in the vicinity of the Premises, 2) the crowds are of the type that attract, promote, and cause "excessive noise" to the neighborhood (as that term is defined in Section 8.18.010 of the Oakland Municipal Code) and 3) frequent excessive noise has actually resulted;

c) Maintained a public nuisance by operating a bar and nightclub in a manner that: 1) created crowds that loiter in the vicinity of the Premises, 2) the crowds are of the type that attract, promote, and cause vandalism to property to property of others in neighborhood of the Premises, and 3) vandalism has actually resulted;

d) Maintained a public nuisance by operating a bar and nightclub in a manner that: 1) created crowds that loiter in the vicinity of the Premises, 2) the crowds are of the type that attract, promote, and cause litter to be disposed of in the streets near the Premises, and 3) littering has actually resulted; and

e) Maintained a public nuisance by operating a bar and nightclub in a manner that: 1) created crowds that loiter in the vicinity of the Premises, 2) the crowds are of the type that attract, promote, and cause sideshow activities (as the term is defined in Section 9.60.030 of the Oakland Municipal Ordinance) on the streets in the vicinity of the Premises, and 3) sideshow activities have actually resulted.

6. On January 11, 2007, Defendants were served with a written Three Day Notice to Quit ("Notice"), which states the nature of Defendants' nuisance conduct and requires Defendants to quit the Premises within three days after service of the Notice. The Notice was served pursuant to C.C.P. § 1162. A copy of said Notice and proof of service are attached hereto, marked "EXHIBIT B", and made a part hereof.

7. More than three days have elapsed since the date of service of the Notice, but Defendants have not quit the Premises. Defendants remain in

possession of the Premises without Plaintiff's consent. By virtue of the provisions of California Code of Civil Procedure Section 1161(4), there is an unlawful detainer of the Premises and Plaintiff is entitled to possession of the Premises.

8. Under the Rental Agreement, the Premises is to be used exclusively for commercial purposes. Defendants' tenancy is not subject to any local eviction control or rent control.

9. The reasonable rental value of the Premises is the sum of $73.50 rate per day, and damages for the unlawful detainer of the Premises will accrue at said rate from date and will continue to accrue at said rate until such time as Defendants vacate the Premises.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

1. Restitution and possession of the Premises;
2. Forfeiture of the Rental Agreement;
3. Unlawful detainer damages in the amount of $73.50 per day from January 17, 2007 until the date of entry of judgment;
4. Costs of suit herein incurred; and
5. Such other and further relief as the Court may deem just and proper.

Date: January 24, 2007

ZACKS UTRECHT & LEADBETTER, P.C.

[signature]

By: Patricia Caldwell
Attorneys for Plaintiff

VERIFICATION

I, the undersigned, certify and declare that I have read the foregoing complaint and know its contents. I a the managing member of 370 Embarcadero LLC, a California Limited Liability Company, a party to this action and am authorized to make this verification for and on its behalf. I am informed and believe and on that ground allege that the matters stated in the document described above are true. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 23, 2007

James Nunemacher