ANDREW M. ZACKS (CA# 147794)
JAMES B. KRAUS (CA # 184118)
ZACKS UTRECHT & LEADBETTER
235 Montgomery Street, Suite 400
San Francisco, CA 94104
(415) 956-8100

Attorneys for defendant
370 Embarcadero W LLC and Vanguard Properties, Inc.

UNITED STATES FEDERAL DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| FRED ANDY IVEY dba AFI MARKETING and JOHN IVEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, CALIFORNIA, 370 EMBARCADERO W LLC, VANGUARD PROPERTIES, INC., JACOB GRAEF, JOHN RUSSO, ETHAN NASR, TOM BERLIN, ARTURO SANCHEZ, and DOES 1-50,<br><br>Defendants. | CASE NO. 3:07-cv-02675-EDL<br><br>DEFENDANTS' 370 EMBARCADERO W LLC, AND VANGUARD PROPERTIES, INC. NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT<br><br>[28 U.S.C. § 1447]<br><br>Hearing Date: July 17, 2007<br>Hearing Time: 9:00 a.m.<br>Courtroom: E - 15th floor |

TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

Please take notice that at 9:00 a.m. on July 17, 2007, in Courtroom E, 15th Floor, 350 Golden Gate Ave., San Francisco, defendants 370 Embarcadero W LLC and Vanguard Properties, Inc. will move this Court for an order remanding this matter to the Superior Court of the State of California on the grounds that the removing Defendants' notice of removal is defective and that these moving

Defendants did not and do not join it. This motion is based on this notice and motion; the memorandum of points and authorities; and the complaint and entire file in this matter.

Date: June 6, 2007					ZACKS UTRECHT & LEADBETTER, P.C.

						By: _____
						     James B. Kraus
						     Attorneys for 370 and Vanguard

ANDREW M. ZACKS (CA# 147794)
JAMES B. KRAUS (CA # 184118)
ZACKS UTRECHT & LEADBETTER
235 Montgomery Street, Suite 400
San Francisco, CA 94104
(415) 956-8100

Attorneys for defendants
370 Embarcadero W LLC and Vanguard Properties, Inc.

UNITED STATES FEDERAL DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| FRED ANDY IVEY dba AFI MARKETING and JOHN IVEY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, CALIFORNIA, 370 EMBARCADERO W LLC, VANGUARD PROPERTIES, INC., JACOB GRAEF, JOHN RUSSO, ETHAN NASR, TOM BERLIN, ARTURO SANCHEZ, and DOES 1-50,<br><br>Defendants. | CASE NO. 3:07-cv-02675-EDL<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' 370 EMBARCADERO W LLC, AND VANGUARD PROPERTIES, INC. MOTION FOR REMAND TO STATE COURT<br><br>[28 U.S.C. § 1447]<br><br>Hearing Date: July 17, 2007<br>Hearing Time: 9:00 a.m.<br>Courtroom: E - 15th floor |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................. 1

II. ARGUMENT ........................................................................................ 1

    A. Removing Defendants Are Required To Obtain The Consent Of 370 And Vanguard .................................................................. 1

    B. The Federal Counts Are Not Separate And Independent ........... 2

III. CONCLUSION ..................................................................................... 3

# TABLE OF AUTHORITIES

Chicago, Rock Island and Pacific Railway Co. v. Martin
    178 U.S. 245, 20 S.Ct. 854 (1900)...........................................................................2

Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.
    644 F.2d 1310, 1314 (9th Cir. 1981)......................................................................2

Mayo v. Christian Hosp. Northeast-Northwest
    962 F.Supp. 1203, 1205-1206 (E.D. Mo. 1997)...................................................2, 3

Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.2d 1261, 1266 (9th Cir. 1999).....................2

I.   **INTRODUCTION**

Defendants 370 Embarcadero W LLC ("370") and Vanguard Properties, Inc. ("Vanguard") move this Court for an order remanding this action to the California Superior Court, County of Alameda due to improper removal from that state court. The action was removed by the City of Oakland, and individual defendants Russo, Nasr, and Sanchez. 370 and Vanguard *do not* join in the removal petition and therefore this Court must remand the entire action.

II.   **ARGUMENT**

   A.   **Removing Defendants Are Required To Obtain The Consent Of 370 And Vanguard**

This is a straightforward matter. Plaintiffs sued Defendants – two of whom are private business entities and the remainder are governments or government employees – in California state court, primarily for violations of civil rights. The complaint alleges that Oakland and 370 "have acted in collusion to shut down Mingles Night Club" to benefit both the city and 370. (Complaint, ¶ 46 at 7:9) This allegation is incorporated into all of the causes of action (counts). The first three are classic civil rights claims – equal protection, due process, free speech. The fourth is a state law inverse condemnation claim against all Defendants. The fifth is a state law libel claim against Berlin only. The sixth is a state law contract claim against 370 only. On May 21, 2007, four defendants – City of Oakland, and individuals Russo, Nasr, and Sanchez – filed a petition for removal to the federal district court pursuant to 28 U.S.C. § 1441. Because removal is improper, 370 and Vanguard file this motion to remand to the jurisdiction of the California Superior

1

Court.

"As a general rule, all defendants who may properly join in the removal petition must join." <u>Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.</u>, 644 F.2d 1310, 1314 (9th Cir. 1981), citing <u>Chicago, Rock Island and Pacific Railway Co. v. Martin</u>, 178 U.S. 245, 20 S.Ct. 854 (1900) See also <u>Prize Frize, Inc. v. Matrix (U.S.) Inc.</u>, 167 F.2d 1261, 1266 (9th Cir. 1999). <u>Chicago, Rock Island</u> is important not simply for this statement, but for explaining that simply because a joint tort is brought against several defendants, and their separate answers may present different questions for determination, the suit does not present separate controversies. <u>Chicago, Rock Island</u>, supra, 178 U.S. at 248, 20 S.Ct. at 855. Indeed, in that case, the Supreme Court found that the "case presented a joint cause of action against all the defendants...," and held that all defendants were required to join in the removal. <u>Id</u>.

  B. <u>The Federal Counts Are Not Separate And Independent</u>

In <u>American Fire & Casualty v. Finn</u>, 341 U.S. 6, 71 S.Ct. 534, (1951) the United States Supreme Court found that no separate and independent claim or cause of action exists under § 1441(c) "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." <u>Id</u>., at 9-10, 71 S.Ct. at 540. Generally, claims are not separate and independent if they are derived from the same set of facts or the alleged injury is the result of a series of interrelated transactions.

"[W]hat [is] determinative [is] the singularity of the harm suffered by the plaintiff, and not the various theories of recoveries used to address or compensate for that harm. Thus, the issue is not whether there is more than one cause of action. Rather, the issue is whether these causes of action are truly separate from one another, and not simply different methods of addressing the underlying harm." <u>Mayo v.

2

Christian Hosp. Northeast-Northwest, 962 F.Supp. 1203, 1205-1206 (E.D. Mo. 1997), citation omitted, alterations in orig.

As Mayo explained, all of the claims arose from the same set of facts, just as Plaintiffs' do here, and therefore unanimity was required. Mayo, supra, 962 F.Supp. at 1206.

Though there is a split in authority, the *most* favorable exception for the removing Defendants is that the consent of defendants who are solely parties to non-removable claims is not required. Mayo, supra, 962 F.Supp. at 1205, surveying cases. However, defendants 370 and Vanguard are not simply parties to unremovable state law claims, they are co-conspirators – allegedly – on the claims arising from federal civil rights statutes. Therefore, their consent is required to maintain jurisdiction in federal court via removal and they do not consent.

## III. CONCLUSION

370 and Vanguard are required to consent to remove the action to federal court. They do not consent. This Court should grant the motion and remand to the California Superior Court.

Date: June 6, 2007                           ZACKS UTRECHT & LEADBETTER, P.C.

                                             By: _____
                                                 James B. Kraus
                                                 Attorneys for 370 and Vanguard

3

1  ANDREW M. ZACKS (CA# 147794)
   JAMES B. KRAUS (CA # 184118)
2  ZACKS UTRECHT & LEADBETTER
   235 Montgomery Street, Suite 400
3  San Francisco, CA 94104
   (415) 956-8100
4

5  Attorneys for defendants
   370 Embarcadero W LLC and Vanguard Properties, Inc.
6
                UNITED STATES FEDERAL DISTRICT COURT
7
                   NORTHERN DISTRICT OF CALIFORNIA
8
                            SAN FRANCISCO
9

10
    FRED ANDY IVEY dba AFI          )   CASE NO. 3:07-cv-02675-EDL
11  MARKETING and JOHN IVEY,        )
                                    )   (PROPOSED) ORDER GRANTING
12                                  )   DEFENDANTS' 370
               Plaintiffs,          )   EMBARCADERO W LLC, AND
13                                  )   VANGUARD PROPERTIES, INC.
        v.                          )   MOTION FOR REMAND TO
14                                  )   STATE COURT
    CITY OF OAKLAND, CALIFORNIA,    )
15  370 EMBARCADERO W LLC,          )
    VANGUARD PROPERTIES, INC.,      )   [28 U.S.C. § 1447]
16  JACOB GRAEF, JOHN RUSSO,        )
    ETHAN NASR, TOM BERLIN,         )   Hearing Date:   July 17, 2007
17  ARTURO SANCHEZ, and DOES 1-50,) Hearing Time:    9:00 a.m.
                                    )   Courtroom:      E - 15th floor
18                                  )
               Defendants.          )
19                                  )
                                    )
20

21

22

23

24

25

26

27

28
                                    1
                                              Motion to Remand - Order
                                              CASE NO. 3:07-cv-02675-EDL

|   |   |
|---|---|
| 1 | At 9:00 a.m. on July 17, 2007, defendants' 370 Embarcadero W LLC, and Vanguard Properties, Inc.'s motion for remand to state court came on for hearing in Courtroom E, 15th floor, before the Hon. Elizabeth D. Laporte, U.S. Magistrate. James B. Kraus appeared for moving Defendants. Charles E. Vose appeared for defendants City of Oakland, Russo, Nasr, Sanchez, and Graef. David Bryden appeared for Plaintiffs. |

At 9:00 a.m. on July 17, 2007, defendants' 370 Embarcadero W LLC, and Vanguard Properties, Inc.'s motion for remand to state court came on for hearing in Courtroom E, 15th floor, before the Hon. Elizabeth D. Laporte, U.S. Magistrate. James B. Kraus appeared for moving Defendants. Charles E. Vose appeared for defendants City of Oakland, Russo, Nasr, Sanchez, and Graef. David Bryden appeared for Plaintiffs.

The Court finds that defendants 370 Embarcadero W LLC, and Vanguard Properties, Inc. must join in the removal to federal court because the federal claims are not separate and independent. In fact, Plaintiffs allege collusion and conspiracy among all Defendants. Therefore, since the moving Defendants do not join in the removal, the matter must be remanded to the state court.

IT IS SO ORDERED:

Date: July 17, 2007

Elizabeth D. Laporte
U.S. Magistrate Judge

---

1

Motion to Remand - Order
CASE NO. 3:07-cv-02675-EDL

## PROOF OF SERVICE BY MAIL

I, Ingrid M. Karlsson, declare as follows:

I am over eighteen years of age and not a party to the within action; I served the pleadings referred to herein; my business address is 235 Montgomery Street, #400, San Francisco, California 94104. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

On *June 7, 2007*, I served:
*Notice of Motion and Motion for Demand to State Court, Memorandum of Points and Authorities in Support of Motion, Order Granting Motion for Remand to State Court, and Letter to Hon. Elizabeth D. Laporte.*

by emailing and mailing a true copy to:

| | |
|---|---|
| *David Bryden*<br>*160 Franklin Street*<br>*Oakland, CA 94607* | dbryden@sbcglobal.net |
| *Kandis A. Westmore*<br>*Deputy City Attorney*<br>*One Frank H. Ogawa Plaza, 6th Floor*<br>*Oakland, CA 94612* | kawestmore@oaklandcityattorney.org |
| *Charles Vose*<br>*Deputy City Attorney*<br>*One Frank H. Ogawa Plaza, 6th Floor*<br>*Oakland, CA 94612* | *by mail only* |

The envelopes were sealed and placed for collection and mailing on said date following ordinary business practices.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Francisco.

Dated: *June 7 2007*

_____
Ingrid M. Karlsson