JOHN L. BURRIS (State bar No. 69888)
ADANTÉ D. POINTER (State Bar No. 236229)
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street Suite 1120
Oakland, California 94621
Telephone:      (510) 839-5200
Facsimile:      (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiffs
**FRED ANDY IVEY dba AFI MARKETING and JOHN IVEY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED ANDY IVEY dba AFI MARKETING and JOHN IVEY,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, CALIFORNIA, 370 EMBARCADERO W LLC, VANGUARD PROPERTIES, INC., JACOB GRAEF, JOHN RUSSO, ETHAN NASR, TOM BERLIN, ARTURO SANCHEZ and DOES 1 THROUGH 50,<br><br>Defendants. | Case No.: C07-02675 EDL<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES TO REMAND ACTION TO STATE COURT**<br><br>Hearing Date: July 17, 2007<br>Hearing Time: 9:00 a.m.<br>Courtroom: E -15<br>Judge: Elizabeth D. Laporte |

## I. INTRODUCTION

Plaintiffs move this court for an order remanding this action to California Superior Court, County of Alameda due to the procedural defects in Defendants City of Oakland, and individual defendants Russo, Nasr and Sanchez's (hereinafter collectively referred to as "City") removal notice. Specifically, Defendant City's removal is defective because they failed to obtain the requisite consent of named Defendants, 370 Embarcadero W LLC (hereinafter "370") and Vanguard Properties (hereinafter "Vanguard") and the federal causes of action sought to be removed are not separate and independent claims subject to removal under 28 U.S.C. §1441 et seq. In light of the foregoing, Plaintiffs join Defendants 370 and Vanguard's motion to remand this matter to state court and respectfully request this court issue an order to that effect.

## II. FACTS / PROCEDURAL HISTORY

This action arises from the allegations contained in Plaintiffs' complaint filed in California Superior Court, Alameda County. The complaint sets forth six causes of action rooted in federal civil rights and state contract/tort law against two private business entities, 370 and Vanguard (who are landowner and developer of the subject parcel of real property commonly referred to as 370 Embarcadero West), the City of Oakland and several City of Oakland employees. The thrust of Plaintiff's claims and prayed for damages stem from the coordinated conduct of the named Defendants to "shut down Mingles Night Club" by depriving Plaintiffs of their leasehold interest in 370 Embarcadero West. (Complaint, p.1 lines 26-27, p.7 lines 10-11). Plaintiffs allege the City of Oakland, 370 and Vanguard's collusive course of conduct was spurred by their mutually compatible and symbiotic "aims (to) further developing residential housing in the area to increase (the City) tax base" and by 370 and Vanguard's zero-sum pursuit of pecuniary "benefit and profit". (Complaint p.7 lines 10-12).

In summary, Plaintiffs' complaint alleges that each Defendant was a "joint venturer" whom over the course of several months while "acting in collusion and under the color of state law" manipulated the City of Oakland's Nuisance Ordinance and Permit Approval Process to unjustly declare Plaintiffs' business enterprise a "nuisance" and terminate his lease. (Complaint,

p.1 lines 26-27, p.3 lines 4-7, p.4 lines 1-10, p.6 lines 3-15, p.7 line 13). Plaintiffs' complaint further details how each Defendant then undertook a series of intertwined measures aimed at frustrating Plaintiffs' efforts to defend, indemnify and/or address the dubious nuisance allegations. The Defendants' concerted actions included, but are not limited to: the City, 370 and Vanguard failing to advise Plaintiffs of the City generated nuisance declarations, intentionally allowing Plaintiffs' nuisance appeal rights to lapse and the City subsequently refusing to accept Plaintiffs' appeal of the nuisance declaration, (Complaint p.4 lines 8-10; p.5 lines 8-16; p.6 lines 3-15); the City citing multiple safety violations as the basis for prohibiting Mingles from operating subject to repairs and 370 refusing to cooperate in obtaining the necessary construction permits to make the repairs. (Complaint p.6 lines16-p.7 line 2; p. 10 lines 4-7). The egregious conduct ultimately culminated in 370 using the nuisance declaration and safety violations as a basis to file an unlawful detainer against Plaintiffs in an effort to terminate Plaintiffs' leasehold interest so as to expeditiously make way for the high-rise condominiums Defendants seek to develop on the subject property. (Complaint p.2 lines 16-21; p.7 lines 3-4).

### III. ARGUMENT

On motion to remand, the court should look to the well-pleaded facts alleged in the petition, declaration, or complaint to determine whether remand is appropriate. Laughlin v. Prudential Ins. Co., 882 F.2d 187 (5th Cir. 1989). Federal statutory and case law provide for an action to be remanded to state court if the removing party's notice of removal is procedurally defective. 28 USC § 1447(c); see Buchner v. FDIC, 981 F.2d 816, 820 (5th Cir. 1993). The failure of all served defendants to join in a notice of removal is a procedural defect. Roe v. O'Donohue, 38 F.3d 298, 301-2 (7th Cir. 1994).

A. The City of Oakland Failed To Obtain The Requisite Consent of The Other Served Defendants

Generally, all Defendants must consent to removal. First National Bank & Trust Co. in Great Bend v. Nicholas, 768 F. Supp. 788 (D. Kan. 1991); McManus v. Glassman's Wynnefield,

Inc., 710 F. Supp. 1043 (E.D. Pa. 1989). As in the instant matter at bar, when there are multiple defendants, the "rule of unanimity" requires that all of the defendants join the removal petition… each defendant must independently manifest its consent to removal clearly and unambiguously to the court within the 30 days allotted by the removal statute. Esposito v. Home Depot, U.S.A., Inc., 436 F. Supp. 2d 343 (D.R.I. 2006). Like all rules governing removal, the unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction. Russel Corp. v. American Home Assur. Co., 264 F.3d 1040 (11th Cir. 2001). Therefore, the failure of all served defendants to join in notice of removal is a procedural defect requiring the court to remand the matter to state court. Roe v. O'Donohue, 38 F.3d 298 (7th Cir. 1994).

In this matter, the City of Oakland attempted to remove the action from state to federal court without the consent of 370 and Vanguard. (please see City of Oakland's Motion for Removal filed with this court). Shortly thereafter, 370 and Vanguard jointly filed a motion with this court stating their objections to removal and moving this court to issue an order remanding the matter to state court. (please see 370 and Vanguard's Motion for Remand filed with this court). In light of the foregoing, the record is unmistakably clear that the City of Oakland's notice of removal is defective in that all served Defendants do not consent to the removal of this action to federal court.

    B.    **The Causes of Action The City Of Oakland Seeks To Remove Are Not Separate And Independent from the Otherwise Non-Removable State Causes Of Action**

Defendant City of Oakland improperly construes the exception contained in Title 28 U.S.C. § 1441 et seq. as being applicable to the matter at bar. Section 1441 et seq. provides for the removal of an entire action or certain federal claims that are "separate and independent" from the other non-removable state claims. 28 U.S.C. §1441(c). In American Fire & Casualty v. Finn, The United States Supreme Court held that no separate and independent claim or cause of action exists under §1441(c) if a single plaintiff alleges claims against multiple defendants

4

"arising from an interlocked series of transactions" even if the defendant seeking removal is only responsible for part of the wrong. American Fire & Casualty v. Finn, 341 U.S. 6, 9-10, 14 (1951) also cited in Smith v. Amedisys Inc., 298 F.3d 434 (5th Cir. 2002). Thus claims, are not separate and independent for purposes of §1441 if they arose from the same incident, and address the same course of conduct or if they involve substantially the same facts, or if one claim depends on establishing the liability of the other. Rowe v. Summers, 1998 WL 204784 (E.D. La. 1998), Dunn v. Ayre, 943 F. Supp. 812 (E.D. Mich. 1996).

Courts have consistently found a single wrong to exist if the complaint reveals that the wrong arose from an interlocking chain of transactions, Greening v. Mutual Life Ins. Co. of New York (MONY), 558 F.Supp.998 (D.Mont. 1983); or if the complaint contains prayers for separate relief, Rosen v. Rozan, 179 F.Supp. 829 (D. Mont. 1959); or if it contains multiple theories of recovery, against multiple defendants. Finn, at 14; Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969). Essentially, a claim must be significantly unrelated and disassociated from the other claims to be considered separate and independent. Crawford by Crawford v. Hospital of Albert Einstein College of Medicine, 647 F. Supp. 843 (S.D. N.Y. 1986).

Here, the city of Oakland has the burden of proving the removed claims involve completely different questions of fact and substantially different questions of law. Knowles v. American Tempering Inc., 629 F. Supp. 832. Once again a review of Plaintiffs complaint clearly indicates that Plaintiffs damages stem from the closing of their business enterprise and the series of interlocking events which precipitated its demise. The City of Oakland can not hope to parlay a single wrong into separate and independent cause of action by multiplying the legal theories or by multiplying defendants, as Plaintiffs damages arise from a common nucleus of fact that is inextricably intertwined together.

IV.   CONCLUSION

Plaintiffs' motion to remand this action to California Superior Court must be granted as a matter of law. The City of Oakland's notice of removal is procedurally defective since all

5

served Defendants did not and do not join in removing the action to federal court. Moreover, the City mischaracterized the claims it sought to remove as separate and independent when the record and the overwhelming case law make it abundantly clear that Plaintiffs' claims are not separate and independent. In light of the foregoing, Plaintiffs respectfully request this court remand this matter to Superior Court.

Date: June 20, 2007                                        LAW OFFICES OF JOHN L. BURRIS

                                                                /s/
                                          Adanté D. Pointer
                                          Attorneys for Plaintiffs

PLAINTIFFS' POINTS AND AUTHORIITES TO REMAND

CASE NO.: C07-02675 EDL