JOHN L. BURRIS (State bar No. 69888)
ADANTÉ D. POINTER (State Bar No. 236229)
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street Suite 1120
Oakland, California 94621
Telephone:      (510) 839-5200
Facsimile:      (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiffs
FRED ANDY IVEY dba AFI
MARKETING and JOHN IVEY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED ANDY IVEY dba AFI MARKETING and JOHN IVEY,<br><br>        Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, CALIFORNIA, 370 EMBARCADERO W LLC, VANGUARD PROPERTIES, INC., JACOB GRAEF, JOHN RUSSO, ETHAN NASR, TOM BERLIN, ARTURO SANCHEZ and DOES 1 THROUGH 50,<br><br>        Defendants. | Case No.: C07-02675 EDL<br><br>**DECLARATION OF ADANTÉ D. POINTER IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**<br><br>Hearing Date:  July 17, 2007<br>Hearing Time:  9:00 a.m.<br>Courtroom:  E -15<br>Judge:  Elizabeth D. Laporte |

I, ADANTÉ D. POINTER, declare as follows:

1.    I am an attorney with the Law Offices of John L. Burris, attorneys of record for Plaintiffs, FRED ANDY IVEY dba AFI MARKETING and JOHN IVEY. I am licensed to practice law in the State of California. I have personal knowledge of the facts set forth in this declaration and if called to testify, could and would competently testify thereto.

2.    I am informed, believe and thereon state that on June 20, 2007, I was unable to successfully e-file all the pleadings and supporting documents I intended to file with this declaration due to an apparent e-filing bug and/or malfunction. The e-filing bug/malfunction prevented me from filing the aforementioned documents before midnight.

3.    Attached hereto as Exhibit A is a true and correct copy of Plaintiffs Complaint filed in California State Superior Court.

4.    Attached hereto as Exhibit B is a true and correct copy of Defendant CITY OF OAKLAND'S Petition For Removal.

5.    Attached hereto as Exhibit C is a true and correct copy of Defendants 370 EMBARCADERO W LLC'S Motion to Remand.

Date: June 20, 2007                    LAW OFFICES OF JOHN L. BURRIS

                                       _____/s/_____
                                       Adanté D. Pointer
                                       Attorneys for Plaintiffs

2

DECLARATION OF ADANTE D. POINTER

CASE NO.: C07-02675 EDL

# EXHIBIT
# A

1  David Bryden SBN 161144
2  160 Franklin St.
   Oakland CA 94607
   tel 510 839 4687
3  fax 510 839 4689

4  Attorney for Fred Andy Ivey and John Ivey

**ENDORSED
FILED
ALAMEDA COUNTY**

APR 1 3 2007

**CLERK OF THE SUPERIOR COURT**
By _____ E. BAKER
                              Deputy

L D
5/21/07

9              SUPREME COURT OF CALIFORNIA

10                    ALAMEDA COUNTY

12  FRED ANDY IVEY dba AFI MARKETING and )    CASE # RG 07320746
    JOHN IVEY                            )
13                                       )    COMPLAINT
                                         )
14  Plaintiffs                           )    VIOLATION OF CIVIL RIGHTS
                                         )    UNDER COLOR OF STATE
15  v.                                   )    LAW [ 42 USC §1983 ]
                                         )
16  CITY OF OAKLAND, CALIFORNIA,         )    FREE SPEECH
    370 EMBARCADERO W LLC , VANGUARD     )    DUE PROCESS
17   PROPERTIES INC, JACOB GRAEF,        )    EQUAL PROTECTION
    JOHN RUSSO ETHAN NASR, TOM BERLIN,   )
18  ARTURO SANCHEZ, and DOES 1 -50       )    BREACH OF COVENANT OF
                                         )    GOOD FAITH & FAIR DEALING
19                                       )
                                         )    NEGLIGENCE, LIBEL
20  Defendants                           )    INVERSE CONDEMNATION
                                         )
21                                       )
                                         )
22  _____     )

24  PLAINTIFFS ALLEGE:

25  1.  This is an action brought under 42 U.S. C. §1983 to recover damages from THE CITY

26  OF OAKLAND CALIFORNIA and 370 EMBARCADERO W. LLC Who acting in collusion

27  and under color of state law violated both Plaintiffs' right to Due Process of Law and Right

28  to Equal Protection Under the Law as guaranteed by the 14th Amendment to the

Ivey v. Oakland COMPLAINT

1  Constitution of the United States and Right to Free Speech as Guaranteed by the First

2  Amendment to the United States Constitution as further set out below. The complaint also

3  states Causes of Action for Breach of the Covenant of Good Faith and Fair Dealing as to

4  Defendant 370 Embarcadero W. LLC. Causing damages to Plaintiff Fred Ivey and for

5  Negligence and Inverse Condemnation in violation of California Constitution Art. 1 §19

6  by the City of Oakland causing damage to Plaintiff Fred Ivey and an action for Libel by Lt.

7  Tom Berlin causing damage to Plaintiff John Ivey.

8  2.  Plaintiff Fred Andy Ivey is a natural person doing and at all times mentioned herein

9  was and is doing  business as AFI Marketing Inc in the City of Oakland California .was and

10 is a resident of the State of Florida.

11 3.  Plaintiff John Ivey is a natural person doing and at all times mentioned herein was and

12 is      a RESIDENT OF Oakland, Alameda County , California.

13 4.    Defendant CITY OF OAKLAND, ("CITY") is and at all times mentioned herein was a

14 charter city organized and existing under the constitution and laws of the State of

15 California.

16 5.    Defendant 370 Embarcadero LLC is a limited liability Corporation formed for the sole

17 purpose of developing a high rise condominium building at 370 Embarcadero W. City of

18 Oakland, California . 370 Embarcadero LLC is wholly owned by Defendant VANGUARD

19 PROPERTIES form of entity unknown Plaintiffs. 370 Embarcadero W. is the alter ego of

20 Vanguard properties such that liability to 370 Embarcadero LLC should be liability to

21 Vanguard Properties.

22 6.    Defendant JOHN RUSSO is the City Attorney for The City of Oakland.

23 7.    Defendant ETHAN NASR is an Attorney for the City of Oakland.

24 8.    Defendant ARTURO SANCHEZ , is and was an employee of the City of Oakland , as

25 an Attorney.

26 9.    Defendant JACOB GRAEF is and was employed by the City of Oakland , Police

27 Department Vice , Alcoholic Beverages Unit.

28 10. Defendant Lt. TOM BERLIN is and was  employed by the City of Oakland , Police

Ivey v. Oakland COMPLAINT          - 2 -

1 | Department

2 | 1.    Plaintiffs are informed and so believe, and thereon allege, that each of the
3 | Defendants herein, was at all times relevant to this action, the owner, agent, employee,
4 | representing partner, and/ or joint venturer of the remaining Defendants and was acting
5 | within the scope and course of that relationship. Plaintiff is further informed and believes,
6 | and thereon alleges, that each of the Defendants herein gave consent, ratified, and
7 | authorized the acts alleged herein to each of the remaining Defendants.

8 | 12. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein
9 | as Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names.
10 | Plaintiff will pray leave of this Court to amend this complaint to allege the true names and
11 | capacities when ascertained.

12 |

13 | GENERAL FACTUAL ALLEGATIONS

14 |

15 | 1.   In April 2006 Defendant 370 Embarcadero W. LLC , or agents intending to form that
16 | Corporation, applied for pre approval zoning and other issues,  with Defendant City of
17 | Oakland for a "95 unit mixed use building" . Application # ZP060091

18 | 14.   In May of 2006 Plaintiff Fred Ivey dba AFI Marketing incorporated had a contract for
19 | the lease of real property commonly known as 370 Embarcadero West, City of Oakland
20 | with the owner Marilyn Cohn aka Marilyn Arnold. The Lease term in the contract was July
21 | 2002 through June 30, 2009. COPY OF THE CONTRACT IS ATTACHED AS EXHIBIT
22 | ONE and is incorporated by reference herein.

23 | 15.   Plaintiff Fred Ivey and his brother John Ivey operated " Mingles" at the 370
24 | Embarcadero W. location since July 2002. Mingles was a popular and highly profitable
25 | night club offering live music venues. The music generally was described as "Urban Hip
26 | Hop" and "Rap". Mingles also offered poetry readings and an open microphone venue
27 | where any one was allowed to provide uncensored artistic renditions or to make social and
28 | political  commentary .

Ivey v. Oakland COMPLAINT                - 3 -

1  16.   On or about May 11, 2006 Defendant Nathan Nasr signed a letter with Defendant

2  John Russo's name on it from the City Attorney and addressed to Marilyn Arnold at the

3  address of Marilyn Cohn and concerning 370 Embarcadero W. . Said letter declared that

4  there was "Nuisance" on the Property and threatened "(d)rastic remedies, including the

5  associated administrative and legal fees".

6  1.   Upon learning of the Nuisance letter Plaintiffs immediately agreed to indemnify and

7  defend Marilyn Cohn pursuant to the Lease Agreement alleged herein.

8  8.   Plaintiffs attempted to file with the Defendant City of Oakland an "Administrative

9  Appeal Declaration of Nuisance" The City of Oakland and in particular, Defendant Arturo

10  Sanchez would not accept the Appeal.

11  9.    Plaintiffs negotiated in good faith with The City and instituted a number of

12  recommendations concerning security and dress codes voluntarily.

13  20.   Defendant 370 Embarcadero LLC offered to purchase the property from Marilyn

14  Cohn. They negotiated a sale and the lease was assigned to 370 Embarcadero LLC

15  21.   In the early morning hours of November 11, 2006 Deanna Smith was shot and killed

16  at about the 200 block of Webster Street in Oakland.

17  22.   There were three night clubs in operation at the time and near the vicinity where

18  Deanna Smith was shot. "Simones" Night Club, "The Warehouse Bar and Grill" and

19  Mingles"

20  23.   Defendant Lt. Tom Berlin of the Oakland Police Department arrived on the scene to

21  investigate the shooting.  Defendant Berlin, without cause made defamatory and libelous

22  statements to the media concerning the shooting without basis or with knowledge that they

23  were false. Among the false statements made were that the shooting was associated with

24  Mingles. That Smith had been in Mingles immediately prior to the shooting, that there was

25  two factions shooting at each other and that Smith was caught in the cross fire.

26  24.   Defendant Berlin refused to interview a witness claiming to see the shooter and

27  claiming that Smith had come from Simone's night club prior to the shooting.

28  25.   Defendant Berlin's false statements were repeated on radio,  television and news

Ivey v. Oakland COMPLAINT                      - 4 -

1  paper accounts of the shooting relating the shooting to the operations of Mingles.

2  26  Plaintiff John Ivey, acting as General Manager of Mingles and out of concern for public

3  safety voluntarily closed Mingles Night Club.

4  27.  Plaintiffs conducted an independent investigation in to the shooting of Smith and

5  reviewed every aspect of their operations.

6  28.  Plaintiffs concluded that the Smith shooting was not related to or caused by their

7  operations.

8  29 On December1, 2006 Defendant Fred Ivey met with Barbara Killey (an administrative

9  hearing officer for Oakland , Defendant Graef and others to discuss the reinstatement of

10  Mingle's CABARET PERMIT. A Cabaret Permit is necessary to have live music in Oakland.

11  Killey stated that she considered the Cabaret Permit suspended from the closing of

12  Mingles.

13  30.  During the meeting Killey and other representatives of the City of Oakland made it

14  clear that they expected Mingles to remain shut down and without a Cabaret Permit.

15  31.  At the Meeting Plaintiff Fred Ivey announced his intention to re open on December

16  15, 2006 for sales of alcoholic beverages only until he could obtain a cabaret permit .

17  32. Plaintiffs then engaged the services of a Mr. Rodriguez to make general repairs to the

18  interior of the building including repair of a dangerous condition to the floor.  None of the

19  repairs required a building permit.

20  33.  In January 2006 while engaged in the repairs,  Rodriguez and his employees were

21  confronted by members of the Oakland Police Department unknown to Plaintiffs. The

22  Police Officers instructed them to cease doing any repair work without permission of the

23  owner and without a permit

24  34. Plaintiffs attempted to contact the owner, Defendant 370 Embarcadero LLC to obtain

25  cooperation with the repairs. The defendant did not respond.

26  35  Rodriguez felt that a Permit might be required for the installation of a sink. Rodriguez

27  went to the City Permit Center and was told that a "special note" was placed in the property

28  file instructing that no permits were to be issued.

Ivey v. Oakland COMPLAINT                    - 5 -

1    36. Rodriguez returned to the Permit Center a second time to make inquiries and was
2    once again told that no permits could be issued and no repairs made to the building.
3    37.   On or about January 6, 2007 a letter from Defendant John Russo, City attorney
4    signed by Defendant Ethan Nasr addressed to Marge Vincent, and employee , agent or
5    principal of Defendant 370 Embarcadero LLC was mailed. The letter was intended to be
6    a official notice of nuisance activity At 370 Embarcadero W. Oakland. No notice was given
7    to Plaintiffs

8    38.   Defendant 370 Embarcadero LLC did not inform the Plaintiffs of the Notice of
9    Nuisance which, inter alia, alleged that Plaintiffs were creating a nuisance on the property.
10   39.     Defendant 370 Embarcadero did not investigate in to the allegations contained in
11   the Notice of nuisance, failed to appeal, challenge or rebut the allegations in any way and
12   allowed a thirty day appeal period to expire.

13   40. Upon learning of the Notice of Nuisance plaintiffs requested information on how to
14   appeal the Notice and was told by City Officials that they had no standing and could not
15   appeal.

16   41. On or about the first week of January 2007 Plaintiffs made an arrangement and
17   reached an agreement that, Officer Graef from the City of Oakland, other City Inspectors
18   and Guillermo Rodriguez would meet at the premises on January 12, 2007 to discuss what
19   repairs would be necessary to re open the lease hold for business. Neither the City nor
20   the Landlord appeared at the premises as agreed.

21   42. On or about December 15, 2007 Defendant Officer Jacob Graef caused to be posted
22   an official form at the Premises closing the business until " complete inspections..."

23   43. After December  16, 2007 Plaintiffs made numerous attempts to learn from Graef and
24   others with the City of Oakland how to proceed with obtaining the various inspections
25   alluded to by the Notice.  These attempts were directed at Officer Graef, at John Russo
26   and Laura Blair.  To date Plaintiffs have received no answer to the inquiries as to how to
27   obtain the inspections  the City desires.

28   44. On January 23, 2007 Plaintiff Fred Ivey caused a letter, attached as Exhibit Two and
Ivey v. Oakland COMPLAINT              - 6 -

1 incorporated by reference to marge Vincent, Defendant 370 Embarcadero LLC has never

2 responded to the letter.

3     45. On January 24, 2007 Defendant 370 Embarcadero LLC filed suit in unlawful detainer

4 against Plaintiff Fred Ivey Alameda # WG07 307 307885.

5

6                 FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS

7                 DENIAL OF EQUAL PROTECTION UNDER THE LAW

8

9     46. Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 above.

10     47. The City of Oakland and the 370 Embarcadero LLC have acted in collusion to shut

11 down Mingles Night Club to further the City's aims further developing residential housing

12 in the area to increase its tax base and for the benefit and profit of 370 Embarcadero LLC.

13     48.    One tool to shut down Mingles is the Notice of Nuisance. The two Notices of

14 Nuisances issued here only allege general criminal activity common to the Oakland Urban

15 Area. The Second Notice of January 2007 alleges a nuisance when the business was not

16 operating.

17     49. Numerous other businesses operate similar operations to Mingles night club in the

18 area commonly known as the Jack London Square Area.

19     50.   No other business has been declared or noticed as a nuisance in the Jack London

20 Square Area.

21     51.   The City's selective enforcement of nuisance laws and wrong application of the

22 nuisances law as to the Mingles business denies and denies the plaintiffs their right to

23 Equal Protection of the law as guaranteed by the Fourteenth Amendment to the

24 Constitution of the United States .

25     52. As a proximate cause of the denial of equal protection of the law plaintiffs have been

26 damaged in loss of their business and employment in an amount to be proven at trial.

27

28

Ivey v. Oakland COMPLAINT         - 7 -

1    ## SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS

2    ## DENIAL OF DUE PROCESS

3

4    53.    Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47

5    above .

6    54.    The City's refusal to allow the plaintiffs to challenge or appeal their Notices of

7    Nuisance activity is a refusal to allow due process. The City's refusal to challenge, appeal

8    or allow inspections concerning its Closure Notice issued by Officer Graef is a denial of

9    due process as guaranteed by the Fourteenth Amendment to the United States

10   Constitution .

11   55.    As a proximate cause of the denial of due process of the law plaintiffs have been

12   damaged in loss of their business and employment in an amount to be proven at trial.

13

14   ## THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS

15   ## VIOLATION OF FREE SPEECH.

16   56.    Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47

17   above .

18   57.    The closure of Mingles Night Club is motivated in part and has the affect of

19   removing a distinct form of musical and political expression from the Jack London Square

20   Area . They City of Oakland is acting under the color of law to deprive Plaintiffs of their

21   Freedom of Speech as guaranteed by the First Amendment to the Constitution of the

22   United States.

23   58. Plaintiffs have been damaged in an amount to be proven at trial.

24

25

26

27

28

Ivey v. Oakland COMPLAINT                    - 8 -

1   FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS

2   INVERSE CONDEMNATION

3   59.   Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47

4   above.

5   60. The actions taken by the City of Oakland constitute a taking of an interest in real

6   property and of an established and vested business interest without compensation in

7   violation of the Fifth Amendment of the Constitution of the United States and is an inverse

8   condemnation in violation of California Constitution Article 1, § 19

9   61.   Plaintiffs have been damaged by this taking in an amount to be determined at trial

10

11   FIFTH CAUSE OF ACTION AS TO DEFENDANT LT. TOM BERLIN

12   LIBEL

13

14   62.   Plaintiffs re allege paragraphs 21 through 25 above.

15   63.   Defendant Tom Berlin made false statements to the press that were published

16   64.   These statements concerned the business of plaintiffs

17   65.   The publication of these statements injured plaintiffs in their occupation.

18   66.   The false statements were the proximate cause of special damages to be proven at

19   trial.

20

21   SIXTH CAUSE OF ACTION AS 370 EMBARCADERO LLC.

22   BREACH OF COVENANT OF GOOD FAITH A FAIR DEALING

23

24   68.   Plaintiff Fred Andy Ivey re alleges and incorporates by reference paragraphs 1

25   through 45 and 47 above.

26   67.   The lease contract contains an implied covenant of good faith and fair dealing

27   which requires Defendant 370 Embarcadero LLC to refrain from doing anything which

28   would make performance of the contract impossible. The covenant presupposes that 370

1  Embarcadero LLC would do to accomplish its purposes.

2  69.   370 Embarcadero LLC purchased the building with full knowledge that the City had

3  alleged a nuisance.

4  70.   In failing to allow for inspections, to cooperate with obtaining a permit, not informing

5  Plaintiff that it had received a Notice of Nuisance and with not allowing Plaintiff to

6  challenge or appeal a Notice of Nuisance, Defendant has breached the Covenant of Good

7  Faith and Fair Dealing.

8  71.   Plaintiff has been proximately caused damages by the breaches in an amount to be

9  determined at trial.

10

11  WHEREFORE PLAINTIFFS PRAY

12  1. For judgment to be entered

13  2. For costs.

14  3. For attorneys fees pursuant to contract with defendant 370 Embarcadero LLC.

15  4. For declaratory relief as appropriate against Defendant City of Oakland.

16

17  Dated: April   2007

18

19

20  David Bryden

21

22

23

24

25

26

27

28

Ivey v. Oakland COMPLAINT              - 10 -

EXHIBIT
B

**FILED**

MAY 21 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1   JOHN A. RUSSO, City Attorney - State Bar No. 129729
    RANDOLPH W. HALL, Assistant City Attorney - State Bar No. 080142
2   JAMES F. HODGKINS, Supervising Trial Attorney – State Bar No. 142561
    CHARLES E. VOSE, Senior Deputy City Attorney, State Bar No. 139700
3   One Frank Ogawa Plaza, 6th Floor
    Oakland, California  94612
4   Telephone:  (510) 238-2961      Fax:  (510) 238-6500
    cevose@oaklandcityattorney.org
5   25759/404511

6   Attorneys for Defendants
    CITY OF OAKLAND, JOHN RUSSO,
7   ETHAN NASR and ARTURO SANCHEZ

8

9                      UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA        A D R

11

12   FRED ANDY IVEY dba AFI MARKETING         Case No. C07-02675
     and JOHN IVEY,
13                                            **DEFENDANTS CITY OF OAKLAND,**
                     Plaintiffs,              **JOHN RUSSO, ETHAN NASR, AND**
14                                            **ARTURO SANCHEZ'S PETITION FOR**
             v.                               **REMOVAL TO FEDERAL COURT**
15
     CITY OF OAKLAND, CALIFORNIA, 370
16   EMBARCADERO W LLC, VANGUARD
     PROPERTIES, INC., JACOB GRAEF,
17   JOHN RUSSO, ETHAN NASR, TOM
     BERLIN, ARTURO SANCHEZ and DOES 1
18   THROUGH 50,

19                   Defendants.

20

21

22       Petitioners, Defendants CITY OF OAKLAND, JOHN RUSSO, ETHAN NASR and

23   ARTURO SANCHEZ, state as follows:

24       1.    Defendants desire to exercise their rights under the provisions of Title 28

25   U.S.C. §1441, et seq. to remove this action from the Superior Court of the State of

26

GO 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

**ORIGINAL**

1  California, County of Alameda, where this action is now pending as Ivey, et al. v. City of

2  Oakland, et al., Superior Court No. RG07-320746.

3      2.      This is an action of a civil nature in which the District Courts of the United

4
5  States have been given original jurisdiction in that it arises, in part, under the laws of the

6  United States, as provided in 28 U.S.C. §1331 and, further, that it arises out of Acts of

7  Congress commonly known as 42 U.S.C. §1983.

8      3.      This removal is made pursuant to the provisions of 42 U.S.C. §1983. The

9  claims under 42 U.S.C. §1983 are separate and independent claims against the removing

10  defendants and defendants JACOB GRAEF and TOM BERLIN (who have not yet been

11  served). Therefore consent to joinder in the removal by defendants 370 EMBARCADERO

12  W, LLC and VANGUARD PROPERTIES is unnecessary.

13

14      4.      The date on or before which these defendants are required by the

15  California Code of Civil Procedure and the Rules of the Alameda County Superior Court to

16  answer or otherwise plead to Plaintiffs' complaint has not lapsed.  Plaintiffs' complaint

17  was served on Defendants CITY OF OAKLAND, JOHN RUSSO, and ARTURO

18  SANCHEZ on April 19, 2007. Plaintiffs' complaint was served on Defendant JOHN

19  RUSSO by substitute service, effective May 4, 2007. Plaintiffs' complaint was served on

20  defendant ETHAN NASR on May 11, 2007. This Petition for Removal is filed in

21
22  accordance with the requirements of 28 U.S.C. §1446.

23      5.      Pursuant to the provisions of 28 U.S.C. §1446, Defendants attach herewith

24  and incorporate herein by reference, copies of the following documents served upon the

25  parties in this action:

26

1    (a)    Summons and Complaint for Damages. [Summonses Issued to (1) CITY

2 OF OAKLAND; (2) JOHN RUSSO, (3) ARTURO SANCHEZ.

3    6.    As declared above, Defendants CITY OF OAKLAND, JOHN RUSSO,

4 ETHAN NASR, and ARTURO SANCHEZ desire and are entitled to have this action

5

6 removed from the Superior Court of the State of California for the County of Alameda,

7 where the suit is pending, to the United States District Court for the Northern District of

8 California, said district being the proper district for removal of the action, and conditioned

9 upon Defendants paying all costs and disbursements incurred by reason of these removal

10 proceedings should it be determined that this action was not removable or was improperly

11 removed.

12    7.    Written notice of the filing of this Petition will be given to all parties to this

13

14 action as required by law.

15    8.    A true copy of this petition will be filed with the Alameda County Superior

16 Court as provided by law.

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26

DEFENDANTS' CITY OF OAKLAND, JOHN RUSSO,
AND ARTURO SANCHEZ'S PETITION FOR            -3-
REMOVAL TO FEDERAL COURT

9.    Defendants CITY OF OAKLAND, JOHN RUSSO, ETHAN NASR, and ARTURO SANCHEZ respectfully request that this action be removed to this court and that this court accept jurisdiction of this action. The aforementioned defendants further request that this action be placed on the docket of this court for further proceedings as if this action had been originally filed in this court.

Dated: MAY 21, 2007

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
JAMES F. HODGKINS, Supervising Trial Attorney
CHARLES E. VOSE, Senior Deputy City Attorney

By: _____
        Attorneys for Defendants
        CITY OF OAKLAND, JOHN RUSSO,
        ETHAN NASR and ARTURO SANCHEZ

Case 3:07-cv-02675-EDL     Document 1     Filed 05/21/2007     Page 5 of 16

**EXHIBIT A**

# SUMMONS

## *(CITATION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF OAKLAND, CALIFORNIA ,.370 EMBARCADERO LLC,
VANGUARD PROPERTIES INC., JACOB GRAEF, JOHN RUSSO,
ETAHN NASR, TOM BERLIN, ARTURO SANCHEZ, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRED ANDY IVEY dba AFI MARKETING, and JOHN IVEY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOUR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>OAKLAND , CA  94607 | CASE NUMBER<br>*(Número del Caso)* RG07320746 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David BRYDEN (Bar # 161144)          Phone No. (510) 839-4687
160 FRANKLIN ST, OAKLAND D, CA 94607          Fax No.  (510) 837-4689

DATE APR 1 3 2007 PAT S. SWEETEN      Clerk, by  E. BAKER  , Deputy
*(Fecha)*                      *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT C

ZACKS UTRECHT & LEADBETTER

A Professional Corporation

235 Montgomery Street, Suite 400
San Francisco, California 94104
Telephone (415) 956-8100
Facsimile (415) 288-9755
www.zulpc.com

June 7, 2007

Hon. Elizabeth D. Laporte
U.S. Magistrate Judge
United States District Court
Northern District of California - San Francisco
350 Golden Gate Ave., Courtroom E - 15th floor
San Francisco, CA 94102

> Re:   Ivey v. City of Oakland
>        C07-02675 EDL

Dear Judge Laporte:

This office represents defendants 370 Embarcadero W LLC ("370") and Vanguard Properties, Inc. ("Vanguard"). On or about May 21, 2007, defendants City of Oakland, Russo, Nasr, and Sanchez removed this case from the California Superior Court, County of Alameda based on the federal constitutional claims. However, 370 and Vanguard are also parties to those claims but do not join in the removal. In fact, they are filing a motion to remand, set for July 17. In the meantime, Oakland and the government Defendants have filed a motion to dismiss (as to them) pursuant to FRCP 12(b)(6) which is set for July 10. 370 and Vanguard believe that this case is not properly before the Court due to improper removal and therefore the Court should continue the 12(b)(6) motion pending the outcome of the remand motion. Please notify us if the Court wishes a formal ex parte application for this purpose. Thank you.

Sincerely,

ZACKS UTRECHT & LEADBETTER, P.C.

By:   James B. Kraus
Attorneys for 370 and Vanguard

cc:   Charles Vose
      David Bryden

1  ANDREW M. ZACKS (CA# 147794)
   JAMES B. KRAUS (CA # 184118)
2  ZACKS UTRECHT & LEADBETTER
3  235 Montgomery Street, Suite 400
   San Francisco, CA 94104
4  (415) 956-8100

5  Attorneys for defendant
6  370 Embarcadero W LLC and Vanguard Properties, Inc.

7              UNITED STATES FEDERAL DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO

10
   FRED ANDY IVEY dba AFI            )    CASE NO. 3:07-cv-02675-EDL
11 MARKETING and JOHN IVEY,          )
                                     )    DEFENDANTS' 370
12         Plaintiffs,               )    EMBARCADERO W LLC, AND
                                     )    VANGUARD PROPERTIES, INC.
13                                   )    NOTICE OF MOTION AND
       v.                            )    MOTION FOR REMAND TO
14                                   )    STATE COURT
15 CITY OF OAKLAND, CALIFORNIA, )
   370 EMBARCADERO W LLC,            )    [28 U.S.C. § 1447]
16 VANGUARD PROPERTIES, INC.,        )
   JACOB GRAEF, JOHN RUSSO,          )
17 ETHAN NASR, TOM BERLIN,           )    Hearing Date:    July 17, 2007
18 ARTURO SANCHEZ, and DOES 1-50,)        Hearing Time:    9:00 a.m.
                                     )    Courtroom:       E - 15th floor
19         Defendants.               )
                                     )
20

21 TO EACH PARTY AND THEIR ATTORNEYS OF RECORD:

22         Please take notice that at 9:00 a.m. on July 17, 2007, in Courtroom E,

23 15th Floor, 350 Golden Gate Ave., San Francisco, defendants 370 Embarcadero W

24 LLC and Vanguard Properties, Inc. will move this Court for an order remanding this

25 matter to the Superior Court of the State of California on the grounds that the

26 removing Defendants' notice of removal is defective and that these moving

27

28
                                    1
                                            Motion to Remand - Notice
                                            CASE NO. 3:07-cv-02675-EDL

1  Defendants did not and do not join it.  This motion is based on this notice and

2  motion; the memorandum of points and authorities; and the complaint and entire file

3  in this matter.

4

5

6  Date: June 6, 2007                          ZACKS UTRECHT & LEADBETTER, P.C.

7

8                                              By:    James B. Kraus

9                                                     Attorneys for 370 and Vanguard

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

2

1  ANDREW M. ZACKS (CA# 147794)
2  JAMES B. KRAUS (CA # 184118)
   ZACKS UTRECHT & LEADBETTER
3  235 Montgomery Street, Suite 400
   San Francisco, CA 94104
4  (415) 956-8100

5  Attorneys for defendants
6  370 Embarcadero W LLC and Vanguard Properties, Inc.

7                UNITED STATES FEDERAL DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                           SAN FRANCISCO

10
    FRED ANDY IVEY dba AFI          )    CASE NO. 3:07-cv-02675-EDL
11  MARKETING and JOHN IVEY,        )
                                    )    MEMORANDUM OF POINTS AND
12            Plaintiffs,           )    AUTHORITIES IN SUPPORT OF
                                    )    DEFENDANTS' 370
13                                  )    EMBARCADERO W LLC, AND
        v.                          )    VANGUARD PROPERTIES, INC.
14                                  )    MOTION FOR REMAND TO
    CITY OF OAKLAND, CALIFORNIA,    )    STATE COURT
15  370 EMBARCADERO W LLC,          )
    VANGUARD PROPERTIES, INC.,      )    [28 U.S.C. § 1447]
16  JACOB GRAEF, JOHN RUSSO,        )
17  ETHAN NASR, TOM BERLIN,         )
    ARTURO SANCHEZ, and DOES 1-50,) Hearing Date:  July 17, 2007
18                                  )    Hearing Time:  9:00 a.m.
              Defendants.           )    Courtroom:    E - 15th floor
19                                  )
20  _____ )

21

22

23

24

25

26

27

28
                                     1

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................1

II.   ARGUMENT ...................................................1

    A.    Removing Defendants Are Required To Obtain The Consent Of 370
        And Vanguard ..........................................1

    B.    The Federal Counts Are Not Separate And Independent ...........2

III.  CONCLUSION ................................................3

# TABLE OF AUTHORITIES

Chicago, Rock Island and Pacific Railway Co. v. Martin
    178 U.S. 245, 20 S.Ct. 854 (1900)...................................2

Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co.
    644 F.2d 1310, 1314 (9th Cir. 1981).................................2

Mayo v. Christian Hosp. Northeast-Northwest
    962 F.Supp. 1203, 1205-1206 (E.D. Mo. 1997)........................2, 3

Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.2d 1261, 1266 (9th Cir. 1999)...............2

Motion to Remand - P&A
CASE NO. 3:07-cv-02675-EDL

I.    INTRODUCTION

Defendants 370 Embarcadero W LLC ("370") and Vanguard Properties, Inc. ("Vanguard") move this Court for an order remanding this action to the California Superior Court, County of Alameda due to improper removal from that state court. The action was removed by the City of Oakland, and individual defendants Russo, Nasr, and Sanchez. 370 and Vanguard *do not* join in the removal petition and therefore this Court must remand the entire action.

II.    ARGUMENT

A.    Removing Defendants Are Required To Obtain The Consent Of 370 And Vanguard

This is a straightforward matter. Plaintiffs sued Defendants – two of whom are private business entities and the remainder are governments or government employees – in California state court, primarily for violations of civil rights. The complaint alleges that Oakland and 370 "have acted in collusion to shut down Mingles Night Club" to benefit both the city and 370. (Complaint, ¶ 46 at 7:9) This allegation is incorporated into all of the causes of action (counts). The first three are classic civil rights claims – equal protection, due process, free speech. The fourth is a state law inverse condemnation claim against all Defendants. The fifth is a state law libel claim against Berlin only. The sixth is a state law contract claim against 370 only. On May 21, 2007, four defendants – City of Oakland, and individuals Russo, Nasr, and Sanchez – filed a petition for removal to the federal district court pursuant to 28 U.S.C. § 1441. Because removal is improper, 370 and Vanguard file this motion to remand to the jurisdiction of the California Superior

Motion to Remand - P&A
CASE NO. 3:07-cv-02675-EDL

1    Court.

2    "As a general rule, all defendants who may properly join in the removal

3    petition must join." Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co., 644

4    F.2d 1310, 1314 (9th Cir. 1981), citing Chicago, Rock Island and Pacific Railway Co. v.

5    Martin, 178 U.S. 245, 20 S.Ct. 854 (1900) See also Prize Frize, Inc. v. Matrix (U.S.)

6    Inc., 167 F.2d 1261, 1266 (9th Cir. 1999). Chicago, Rock Island is important not

7    simply for this statement, but for explaining that simply because a joint tort is

8    brought against several defendants, and their separate answers may present different

9    questions for determination, the suit does not present separate controversies.

10    Chicago, Rock Island, supra, 178 U.S. at 248, 20 S.Ct. at 855. Indeed, in that case, the

11    Supreme Court found that the "case presented a joint cause of action against all the

12    defendants. . . ," and held that all defendants were required to join in the removal.

13    Id.

14
15
16
17    B.    The Federal Counts Are Not Separate And Independent

18        In American Fire & Casualty v. Finn, 341 U.S. 6, 71 S.Ct. 534,
       (1951) the United States Supreme Court found that no
19        separate and independent claim or cause of action exists
       under § 1441(c) "where there is a single wrong to plaintiff, for
20        which relief is sought, arising from an interlocked series of
       transactions." Id., at 9-10, 71 S.Ct. at 540. Generally, claims
21        are not separate and independent if they are derived from the
       same set of facts or the alleged injury is the result of a series
22        of interrelated transactions.

23
24        "[W]hat [is] determinative [is] the singularity of the harm
       suffered by the plaintiff, and not the various theories of
25        recoveries used to address or compensate for that harm.
       Thus, the issue is not whether there is more than one cause
26        of action. Rather, the issue is whether these causes of action
       are truly separate from one another, and not simply different
27        methods of addressing the underlying harm." Mayo v.

28
_____

2

1
2

Christian Hosp. Northeast-Northwest, 962 F.Supp. 1203, 1205-1206 (E.D. Mo. 1997), citation omitted, alterations in orig.

3
4
5
6

As Mayo explained, all of the claims arose from the same set of facts, just as Plaintiffs' do here, and therefore unanimity was required. Mayo, supra, 962 F.Supp. at 1206.

7
8
9
10
11
12
13
14

Though there is a split in authority, the *most* favorable exception for the removing Defendants is that the consent of defendants who are solely parties to non-removable claims is not required. Mayo, supra, 962 F.Supp. at 1205, surveying cases. However, defendants 370 and Vanguard are not simply parties to unremovable state law claims, they are co-conspirators – allegedly – on the claims arising from federal civil rights statutes. Therefore, their consent is required to maintain jurisdiction in federal court via removal and they do not consent.

15
16

III.    CONCLUSION

17
18
19

370 and Vanguard are required to consent to remove the action to federal court. They do not consent. This Court should grant the motion and remand to the California Superior Court.

20
21

Date: June 6, 2007                          ZACKS UTRECHT & LEADBETTER, P.C.

22
23
24

                                            By:    James B. Kraus
                                                   Attorneys for 370 and Vanguard

25
26
27
28

3

ANDREW M. ZACKS (CA# 147794)
JAMES B. KRAUS (CA # 184118)
ZACKS UTRECHT & LEADBETTER
235 Montgomery Street, Suite 400
San Francisco, CA 94104
(415) 956-8100

Attorneys for defendants
370 Embarcadero W LLC and Vanguard Properties, Inc.

## UNITED STATES FEDERAL DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### SAN FRANCISCO

| | |
|---|---|
| FRED ANDY IVEY dba AFI MARKETING and JOHN IVEY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF OAKLAND, CALIFORNIA, 370 EMBARCADERO W LLC, VANGUARD PROPERTIES, INC., JACOB GRAEF, JOHN RUSSO, ETHAN NASR, TOM BERLIN, ARTURO SANCHEZ, and DOES 1-50, <br><br> Defendants. | CASE NO. 3:07-cv-02675-EDL <br><br> (PROPOSED) ORDER GRANTING DEFENDANTS' 370 EMBARCADERO W LLC, AND VANGUARD PROPERTIES, INC. MOTION FOR REMAND TO STATE COURT <br><br> [28 U.S.C. § 1447] <br><br> Hearing Date:  July 17, 2007 <br> Hearing Time:  9:00 a.m. <br> Courtroom:  E - 15th floor |

1        At 9:00 a.m. on July 17, 2007, defendants' 370 Embarcadero W LLC, and

2  Vanguard Properties, Inc.'s motion for remand to state court came on for hearing in

3  Courtroom E, 15th floor, before the Hon. Elizabeth D. Laporte, U.S. Magistrate.

4

5  James B. Kraus appeared for moving Defendants.  Charles E. Vose appeared for

6  defendants City of Oakland, Russo, Nasr, Sanchez, and Graef.  David Bryden

7  appeared for Plaintiffs.

8        The Court finds that defendants 370 Embarcadero W LLC, and

9  Vanguard Properties, Inc. must join in the removal to federal court because the

10

11  federal claims are not separate and independent.  In fact, Plaintiffs allege collusion

and conspiracy among all Defendants.  Therefore, since the moving Defendants do

12

13  not join in the removal, the matter must be remanded to the state court.

14  IT IS SO ORDERED:

15

16  Date: July 17, 2007

17                         Elizabeth D. Laporte
                              U.S. Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

Motion to Remand - Order
CASE NO. 3:07-cv-02675-EDL

## PROOF OF SERVICE BY MAIL

I, Ingrid M. Karlsson, declare as follows:

I am over eighteen years of age and not a party to the within action; I served the pleadings referred to herein; my business address is 235 Montgomery Street, #400, San Francisco, California 94104. I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

On *June 7, 2007*, I served:
*Notice of Motion and Motion for Demand to State Court, Memorandum of Points and Authorities in Support of Motion, Order Granting Motion for Remand to State Court, and Letter to Hon. Elizabeth D. Laporte.*

by emailing and mailing  a true copy to:

*David Bryden*                               dbryden@sbcglobal.net
*160 Franklin Street*
*Oakland, CA 94607*

*Kandis A. Westmore*                    kawestmore@oaklandcityattorney.org
*Deputy City Attorney*
*One Frank H. Ogawa Plaza, 6ᵗʰ Floor*
*Oakland, CA 94612*

*Charles Vose*                               by mail only
*Deputy City Attorney*
*One Frank H. Ogawa Plaza, 6ᵗʰ Floor*
*Oakland, CA 94612*

The envelopes were sealed and placed for collection and mailing on said date following ordinary business practices.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration  was executed at San Francisco.

Dated: *June 7 2007*

Ingrid M. Karlsson