JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
JAMES F. HODGKINS, Supervising Trial Attorney – State Bar #142561
CHARLES E. VOSE, Senior Deputy City Attorney, State Bar No. 139700
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-2961   Fax: (510) 238-6500
cevose@oaklandcityattorney.org
25759/408258

Attorneys for Defendants CITY OF OAKLAND,
JOHN RUSSO, ETHAN NASR,
AND ARTURO SANCHEZ

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ANDY IVEY DBA AFI MARKETING AND JOHN IVEY,<br><br>      Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, CALIFORNIA, 370 EMBACADERO W LLC, VANGUARD PROPERTIES, INC., JACOB GRAEF, JOHN RUSSO, ETHAN NASR, TOM BERLIN, ARTURO SANCHEZ, and DOES 1 THROUGH 50,<br><br>      Defendants. | Case No. C07-02675 EDL<br><br>**DEFENDANTS CITY OF OAKLAND, JOHN RUSSO, ARTURO SANCHEZ AND ETHAN NASR'S OPPOSITION TO DEFENDANTS' 370 EMBARCADERO W LLC AND VANGUARD PROPERTIES' MOTION TO REMAND**<br><br>DATE: JULY 17, 2007<br>TIME: 9:00 A.M.<br>COURTROOM: E-15TH FL.<br><br>THE HONORABLE ELIZABETH D. LAPORTE |

## I.   INTRODUCTION

Defendants CITY OF OAKLAND, JOHN RUSSO, ARTURO SANCHEZ and ETHAN NASR hereby oppose 370 EMBARCADERO W LLC and VANGUARD PROPERTIES' Motion to Remand this action to state court. Removal is proper because the City and the

City employee defendants have separate liability under 42 U.S.C. §1983. Therefore, the consent of defendants 370 Embarcadero W LLC and Vanguard Properties was not required for removal.

## II. DISCUSSION

### A. PLAINTIFFS HAVE NOT ADEQUATELY ALLEGED §1983 LIABILITY AGAINST DEFENDANTS 370 EMBARCADERO W LLC AND VANGUARD PROPERTIES TO REQUIRE CONSENT.

Private, non-government entities, with very rare exceptions, do not have liability under §1983. (Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985, en banc).) In order for plaintiffs to allege §1983 liability against 370 Embarcadero W LLC and Vanguard Properties, they must allege state action by those defendants. Only by making such allegations would defendants be required to consent to removal.

Whether there is state action is a very factual question. [Howerton v. Gabica, 708 F.2d 380, 383 (9th Cir. 1983)]. Several tests have emerged in evaluating whether a private party has engaged in state action. (Brunette v. Humane Society of Ventura County, 294 F.3d 1205 (9th Cir. 2002).)

#### 1. Joint Action[1]

As best as can be determined, plaintiffs are pleading Joint Action between the defendants. A private party can engage in state action under the "Joint Action" test if they are a willful participant in actions with the government that deprives another of a

---

[1] The other tests for state action by a private person, The Symbiotic Relationship test (Burton v. Wilmington Parking Authority, 365 U.S. 715 (1961) and the Public Function Test do not apply to this case and will not be discussed.

constitutionally protected right and "its particular actions are inextricably intertwined with those of the government." (Brunette v. Humane Society of Ventura County, supra, 294 F.3d 1211, quoting Mathis v. Pac. Gas & Electric Co., 75 F.3d 498, 503 (9th Cir. 1996).)

The only allegation in plaintiffs' complaint referring to actions of the City of Oakland and 370 Embarcadero W LLC appears in the first paragraph of the complaint, wherein plaintiffs make a general allegation (not a factual allegation) that the City and 370 Embarcadero W LLC (not Vanguard Properties) acted in collusion and under the color of state law. (See Complaint at ¶ 1, p. 1, lines 26-27.)

As the United States Supreme Court recently ruled in Bell Atlantic Corporation v. Twombley, (2007), 127 S.Ct. 1955, in ruling on the level of pleading necessary to survive a Rule 12(b)(6) motion, the pleading "… requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." (Bell Atlantic Corporation v. Twombley, supra, 127 S.Ct. at 1965.)

While this Court is not deciding a Rule 12(b)(6) motion, the analysis is and should be the same. Plaintiffs' brief formulaic, non-factual allegation of collusion between two of the defendants without any factual support simply does not meet the rigorous factual pleading requirement necessary to meet the joint action test nor the pleading standard set forth in Bell Atlantic Corporation v. Twombley (Id.).

### 2. Consent to Remove is Unnecessary

Defendants 370 Embarcadero W LLC and Vanguard Properties have challenged the removal of this action on the grounds that they did not consent to the removal.

While the general rule is that all defendants must join or consent to a removal petition, there are exceptions to that rule. One of those exceptions exists when a party has a separate and independent basis to remove. (<u>Henry v. Independent American Sav. Assn.</u>, 857 F.2d 995, 999 (5th Cir. 1988).)

As set forth above, neither defendants 370 Embarcadero W LLC nor Vanguard Properties have liability under § 1983. Therefore, all of the removing defendants who have potential liability under §1983 joined in the removal of this action. Removal is therefore proper.

### III.  CONCLUSION

Plaintiffs have failed to allege state action, and therefore §1983 liability, against 370 Embarcardero W LLC or Vanguard Properties. The §1983 liability rests solely, if at all, with the public entity defendants. The only defendants with an independent basis for removal acted to remove this case from state court. As such, the removal of this action without the consent of the non-public entity defendants was proper. Accordingly, defendants 370 Embarcardero W LLC and Vanguard Properties' Motion to Remand must be denied.

DATED: JUNE 22, 2007

                      JOHN A. RUSSO, City Attorney
                      RANDOLPH W. HALL, Chief Assistant City Attorney
                      JAMES HODGKINS, Supervising Trial Attorney
                      CHARLES E. VOSE, Senior Deputy City Attorney

By:              /s/
      Attorneys for Defendants CITY OF OAKLAND, JOHN RUSSO, ETHAN NASR and ARTURO SANCHEZ

# PROOF OF SERVICE
## IVEY, ET AL., v. CITY OF OAKLAND, et al.
## United States District Court Case No. C07-02675 EDL

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank Ogawa Plaza, 6th Fl., Oakland, CA 94612. On the date set forth below I served the within documents:

**DEFENDANT CITY OF OAKLAND, JOHN RUSSO, ARTURO SANCHEZ AND ETHAN NASR'S OPPOSITION TO DEFENDANTS' 370 EMBARCADERO W LLC AND VANGUARD PROPERTIES' MOTION TO REMAND**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒ **by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth.**

☐ by causing personal delivery by (name) of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by causing such envelope to be sent by Federal Express/ Express Mail.

DAVID BRYDEN, ESQ.
160 FRANKLIN STREET
OAKLAND, CA 94607

TELEPHONE: (510) 839-4687
FACSIMILE: (510) 837-4689

I am readily familiar with the City of Oakland's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of American/State of California that the above is true and correct.

Executed on JUNE 22, 2007, at Oakland, California.

_____
CRYSTAL ROZA