**JOHN L. BURRIS (State bar No. 69888)**
**ADANTÉ D. POINTER (State Bar No. 236229)**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street Suite 1120
Oakland, California 94621
Telephone:          (510) 839-5200
Facsimile:          (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com

Attorneys for Plaintiffs
**FRED ANDY IVEY dba AFI**
**MARKETING and JOHN IVEY**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRED ANDY IVEY dba AFI MARKETING and JOHN IVEY,<br><br>      Plaintiffs,<br><br>      vs.<br><br>CITY OF OAKLAND, CALIFORNIA, 370 EMBARCADERO W LLC, VANGUARD PROPERTIES, INC., JACOB GRAEF, JOHN RUSSO, ETHAN NASR, TOM BERLIN, ARTURO SANCHEZ and DOES 1 THROUGH 50,<br><br>      Defendants. | Case No.: C07-02675 EDL<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [FRCP 12(B)(6)]**<br><br>Hearing Date:  July 31, 2007<br>Hearing Time: 9:00 a.m.<br>Courtroom:    E -15<br>Judge:         Elizabeth D. Laporte |

1

## I.  **INTRODUCTION**

Plaintiffs move this court for an order denying Defendants City of Oakland, Oakland City Attorney John Russo, Oakland Deputy City Attorneys Ethan Nasr and Arturo Sanchez, and City of Oakland Police Officers Jacob Graef and Tom Berlin's (hereinafter collectively referred to as "City Defendants") motion to dismiss Plaintiff's Complaint. Plaintiffs' well-pled Complaint alleges the Defendants' conduct resulted in the violation of their federal constitutional rights and state common law rights.

The City of Oakland Defendants allege various procedural and factual deficiencies as requiring the dismissal of Plaintiffs' Complaint.  However, Plaintiff shall demonstrate Defendants contentions are incorrect and that certain defenses are more appropriately resolved after fact discovery by way of summary judgment and **not** the instant Federal Rules of Civil Procedure 12(b)6 motion to dismiss for failure to state a claim.

## II.    **FACTS / PROCEDURAL HISTORY**

This action arises from the allegations contained in Plaintiffs' Complaint filed in California Superior Court, Alameda County.  The Complaint sets forth six causes of action rooted in federal civil rights and state contract/tort law against two private business entities, 370 and Vanguard (who are landowner and developer of the subject parcel of real property commonly referred to as 370 Embarcadero West), the City of Oakland and several City of Oakland employees.  The thrust of Plaintiff's claims and prayed for damages stem from the coordinated conduct of the named Defendants to "shut down Mingles Night Club" by depriving Plaintiffs of their leasehold interest in 370 Embarcadero West.  Complaint at 1:26-27; 7:10-11. Plaintiffs allege the City of Oakland, 370 and Vanguard's collusive course of conduct was spurred by their mutually compatible and symbiotic "aims (to) further developing residential housing in the area to increase (the City) tax base" and by 370 and Vanguard's zero-sum pursuit of pecuniary "benefit and profit".  Complaint at 7:10-12.

In summary, Plaintiffs' complaint alleges that each Defendant was a "joint venturer" whom over the course of several months while "acting in collusion and under the color of state law" manipulated the City of Oakland's Nuisance Ordinance and Permit Approval Process to

2

unjustly declare Plaintiffs' business enterprise a "nuisance" and terminate his lease. Complaint at 1:26-27; 3:4-7; 4:1-10; 6:3-15; 7:13. Plaintiffs' complaint further details how the City Defendants undertook a series of intertwined measures aimed at frustrating Plaintiffs' efforts to defend, indemnify and/or address the dubious nuisance allegations. The City Defendants' actions included, but are not limited to: failing to advise Plaintiffs of the City generated nuisance declarations and refusing to even accept Plaintiffs' appeals of the nuisance declarations. Complaint at 4:8-10; 5:8-16; 6:3-15. The City also cited multiple safety violations as the basis for prohibiting Mingles from operating and then refusing to issue the aforementioned permits. Complaint at 6:16-7:2; 10:4-7. The egregious conduct ultimately culminated in the Plaintiffs' landlord using the unlawful nuisance declaration and safety violations as a basis to file an unlawful detainer against Plaintiffs effectively terminating Plaintiffs' leasehold interest. Complaint at 2:16-21; 7:3-4.

The facts as contained in Plaintiffs' Complaint allege the following acts against the following named Defendants the City of Oakland, City Attorney John Russo, Deputy City Attorneys Ethan Nasr and Jacob Graef and Oakland Police Officer Tom Berlin. The Complaint specifically identifies the cause of action each named Defendant's alleged conduct gave rise to. Complaint at 7:46-10:9.

## III.    ARGUMENT

### A.    Standard of Review

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court should not grant dismissal "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Upon review of a complaint "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer any evidence to

support the[ir] claims. Indeed it may appear on its face of the pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir, 2003).

The court must accept as true all material fact allegations of the Complaint. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980); Rendon v. Fresno Police Department, 2006 WL 2694358 (E.D. Cal.). In addition, the court must give the plaintiff the benefit of every reasonable inference that can be drawn from well-pleaded allegations of the Complaint. Youngberg v. Bekins Co. (E.D. Cal. 1996) 930 F.Supp. 1396. This standard governing motions to dismiss for failure to state a claim is applied even more liberally where, as here, plaintiff alleges civil rights violations. Bernheim v. Litt, (N.Y. 2dCir. 1996) 79 F.3d 318, 321-322.  On balance, courts should evaluate the allegations based upon the gravaman of the complaint.

B.    A Complainant Is Not Required to Give Detailed Factual and Legal Statements In Their Complaint

Moreover, Plaintiffs are only required to give a short, plain and concise statement of the facts and causes of action alleged demonstrating that the Plaintiff is entitled to relief. Federal Rule of Civil Procedure 8(a). Plaintiffs are not required to set out in detail the facts upon which they base their claim, formulate the issues or fully summarize the facts involved. Clausen & Sons, Inc. v. Theo.Hamm Brewing Co., (8th Cir. 1968) 395 F.2d 388. In fact, Plaintiffs are merely required to give the Defendants fair notice of what the Plaintiffs' claims are and the grounds upon which they rest. Conley v. Gibson, (1957) 355 U.S. 41, 47. A review of the Defendants' Motion evinces an inappropriate attempt to have this matter adjudicated on the face of the pleadings by challenging the evidentiary value of the pleadings which is a function more appropriately carried out by written discovery and depositions.

1    Nevertheless, if Defendants' Motion is granted, Plaintiffs should be granted leave to

2   amend their Complaint. A plaintiff may not be denied an opportunity to amend their complaint

3   unless it is clear that amending the Complaint could not possibly cure the complaint's

4   deficiencies. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998).

5

6   C.    Plaintiffs Complied with the Claims Presentation Requirement of the Government Code

7        Defendants demand this Court dismiss Plaintiffs' state law cause of action against Lt.

8   Berlin because Plaintiffs "have not alleged facts demonstrating or excusing compliance with the

9   claim presentation requirement." City of Oakland Demurrer at 8:26-28 relying on Govt. Code

10  §910 et seq. The purpose of the claim presentation requirement is to "give the public entity an

11  opportunity for early investigation…and to correct conditions or practices that gave rise to the

12  claim. Briggs v. Lawrence, 230 Cal. App.3d 605, 612.

13       The Defendants incorrectly cite Briggs, and State v. Superior Court, for the proposition

14  that dismissal is required. However, Briggs and State can be factually distinguished from the

15  matter at bar because in both cases, the Plaintiffs had failed to file a Claim with the subject

16  municipality and hence was unable to allege so in his Complaint. Here, although the Complaint

17  does not recite the fact that Plaintiffs complied with the claims presentation requirement,

18  Plaintiffs did in fact file a Claim for Damages with the City of Oakland on March 6, 2007.

19  Please see Exhibit A, Plaintiffs Claim for Damages lodged with the City of Oakland on March 6,

20  2007. Therefore, Defendants' request for dismissal of Plaintiffs' Compliant for failure to comply

21  with the Tort Claims Act should be denied.

22

23  D.    Plaintiffs' Complaint Avers Sufficient Facts To State a Claim for Inverse Condemnation

24       Next, Defendants mistakenly contend Plaintiffs' first, second and fourth causes of action

25  alleging violations of the federal Equal Protection Clause (procedural and substantive due

26  process claims) and Inverse Condemnation must be dismissed because Plaintiffs did not protest

27  the City's unlawful conduct via a writ of administrative mandamus proceeding. City of Oakland

28  Demurrer at 6:26 – 7:3. Defendants, to their detriment rely exclusively upon Serra Canyon

1  Company, Ltd v. California Coastal Commission, (2004) 120 Cal. App.4th 663 as proof that
2  Plaintiffs must challenge the City's conduct via a writ administrative mandamus. Serra, at 669.
3  However, there are several reasons why that contention is incorrect.

4      An inverse condemnation claimant must assert that a governmental entity has taken or
5  damaged his or her property for public use and must show a causal connection between the
6  government's action and the alleged injury. California State Auto. Ass'n Inter-Insurance Bureau
7  v. City of Palo Alto, (2006) 138 Cal.App.4th 474. Generally, when an inverse condemnation
8  action is based on a regulatory taking accomplished by a discretionary action of an
9  administrative agency, the proper procedure is to bring the inverse condemnation action, in
10  conjunction with, or after a petition for administrative mandamus. Rossco Holdings Inc. v. State
11  of California, (1989) 212 Cal.App.3d 642, 260. Thus it logically follows, as a general
12  proposition, that any party aggrieved by the issuance, denial, or conditions of a municipality's
13  issuance of permits must pursue the remedy of administrative mandamus before claiming
14  compensation for permit conditions that are alleged to be a effect a taking. However, there are
15  several exceptions to this broad rule some of which were pled in Plaintiffs' Complaint and may
16  be applicable here.

17      For instance, failure to exhaust administrative remedies is excused and a cause of action
18  allowed to proceed if: it is clear that the exhaustion would be futile or if the administrative
19  remedy is inadequate, unavailable or when the administrative process is the very source of the
20  injury. See Jonathan Neil & Associates, (2004) 16 Cal.Rptr. 3d 849; People v. Beaumont Inv.,
21  Ltd., 111 Cal.App.4th 102; Brown v. City of Los Angeles, (2002) 102 Cal.App.4th 155.

22      In the matter at bar, the Plaintiffs Complaint clearly avers facts sufficient to raise the
23  aforementioned exceptions to the exhaustion requirements. Plaintiffs Complaint details how the
24  City consistently refused to allow Plaintiffs the opportunity avail themselves of the writ process.
25  For example, the Plaintiffs allege upon being advised that a Nuisance Declaration was issued,
26  Defendant Deputy City Attorney Arturo refused to accept Plaintiffs' Administrative Appeal
27  Declaration of Nuisance. Complaint, 4:6-10. In addition, the Complaint contains allegations
28  that several months after the first incident, the City, once again refused to accept Plaintiffs'

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

CASE NO.: C07-02675 EDL

1  Appeal of a Nuisance Declaration. <u>Complaint</u>, 6:3-15. Moreover, the Complaint further avers
2  that while Defendant Officer Graef advised the Plaintiffs that the business could not reopen until
3  the City completed a comprehensive inspection of the premises and cited repairs made, neither
4  he nor, any other City official to whom correspondence was directed ever responded to
5  Plaintiffs' repeated requests to be advised as to how to go about obtaining the initial permits
6  and/or appeal the City's decision to deny the requested permits. <u>Complaint</u>, 6:16-27.

7      Finally the case the Defendants rely on is factually distinguishable from the instant
8  matter. The <u>Serra</u> court was chiefly concerned with determining whether a present landowner
9  could challenge the validity of a decision made by a prior landowner to secure a benefit by
10 conveying away the very interest that the present owner claimed was being "taken." <u>Serra</u>, at
11 672. Essentially, the court found that a landowner must challenge the validity of a condition
12 placed upon a development permit within a certain amount of time from when the permit is
13 issued. <u>Serra</u>, at 666. On its face those facts are inapplicable to Plaintiffs' case.

14     Once again, Defendants request to dismiss Plaintiffs first, second and fourth causes of
15 action should be denied as Plaintiffs' Complaint alleges facts sufficient to raise an exception to
16 the exhaustion doctrine. Moreover, the determination of the applicability of the writ of
17 mandamus exhaustion requirement and any exception afforded by the alleged facts may be more
18 properly adjudicated once discovery is completed and dispositive motions filed.

19     Defendants argument that Plaintiffs fail to allege the complained of taking was for public
20 use is incorrect for two reasons. First, Complainants Fourth Cause of Action for Inverse
21 Condemnation alleges the Defendants actions "constitute a taking of an interest in real property
22 and of an established and vested business interest without compensation in violation of the Fifth
23 Amendment." <u>Complaint</u>, 9:5-8. Moreover, the first sentence of that Cause of Action
24 incorporates by reference those allegations made in paragraph 47 that the Defendants moved to
25 close Mingles to "further the City's aims further developing residential housing in the area to
26 increase its tax base" and further the City's economic development agenda. <u>Complaint</u>, 7:10-12.
27 The combined allegations serve to put the City on notice that Plaintiffs attend to assert an Inverse
28 Condemnation action.

1    A recent United States Supreme Court decision confirms Plaintiffs have sufficiently
2 alleged that the taking was for a "public use or benefit." The Court ruled in <u>Kelo v. City of New</u>
3 <u>London, Connecticut</u>, that a development plan to "revitalize the local economy…generating a
4 significant increase in tax revenue" is considered a public benefit for purposes of 5th Amendment
5 analysis. 545 U.S. 469, 478. Furthermore, it is not essential that the entire community, or even
6 any considerable portion of it, directly enjoy or participate in an improvement in order to satisfy
7 the public use requirement. See, <u>City of Oakland v. Oakland Raiders</u>, (1982) 32 Cal.3d 60;
8 <u>Redevelopment Agency v. Del-Camp Investments, Inc.</u>, 38 Cal.App.3d 836. While the City
9 apparently disagrees with Plaintiffs' analysis, a motion for demurrer is not the proper device to
10 contest such a factual allegation and the City's request for dismissal of this cause of action or in
11 the alternate it b e evaluated under the Tort Claims Act should be denied.

13    E.    <u>The Defendants Can Be Held Liable for Their Complained of Nuisance Abatement</u>
14                                      <u>Actions</u>

15    California Courts have consistently ruled that municipalities and their employees may be
16 held liable for unlawful conduct performed in the course of conducting regulatory actions. More
17 specifically, when private property is wrongfully damaged or destroyed in the course of
18 governmental action and the government has not first undertaken procedures to guarantee due
19 process, as alleged in the underlying complaint, then, absent an emergency, the owner will have
20 an action against the governmental for the damages suffered. <u>Holtz v. Superior Court</u>, (1970) 3
21 Cal.3d 296, 301-303; <u>Breidert v. Southern Pacific Company</u>, (1964) 61 Cal.2d 659, 663 fn.1;
22 <u>Friedman v. City of Los Angeles</u>, (1975) 52 Cal.App.3d 317, 321-322.

23    Actions in inverse condemnation are also authorized where a governmental body, in the
24 exercise of its police power to protect the public health, safety and welfare, intentionally destroys
25 an owner's property in the absence of an emergency and compelling necessity and without
26 guaranteeing the aggrieved party due process. <u>As House v. L.A. County Flood Control Dist.</u>, 25
27 Cal.2d 384, 391.

28

1    Here, Plaintiffs complain of the cumulative effect of the Defendants' asserted nuisance
2    abatement conduct that ultimately resulted in their business being closed, prohibited from
3    reopening and lease violated. <u>Complaint</u>, 1:25-2:7; 7:21-24.    Moreover, the substance of
4    Plaintiffs' allegations as pled in the Complaint aver there was a taking or interference with, land
5    without formal eminent domain proceedings. <u>Complaint</u>,  <u>Serra Canyon Co., Ltd. V. California</u>
6    <u>Coastal Com'n</u>, 16 Cal. Rptr. 3d 110. Hence the City Defendants conduct is actionable.

7

8    F.    <u>Defendants Asserted Government Code Immunities Do Not Shield Defendants From</u>
9    <u>Liability from State Law Claim for Libel.</u>

10    Defendants rely upon various state statutory codes and common law rulings to support
11   their proposition that Defendant Berlin may not be held liable for the statements he made to the
12   press concerning Plaintiffs involvement in the unfortunate death of Ms. Deanna Smith.    In
13   summary Defendants contend Lt. Berlin enjoys immunity from his libelous statements as a result
14   of protections afforded by his supposed "participation in a judicial or administrative process" and
15   the additional immunities provided by California Government Code §§ 821.6, 822.2 and
16   California Civil Code §47(a) and (c).

17    Defendant Lt. Berlin's malicious statements were not rendered in the course of a judicial
18   or administrative proceeding.    Defendant Lt. Berlin was not in court, was not providing
19   testimony or at that moment involved in the investigation of an administrative matter. Defendant
20   Lt. Berlin responded to the scene as an on-duty patrol officer. At that time, no prosecution had
21   commenced and he was not engaged in nuisance abatement actions. Therefore, Defendants
22   reliance on the judicial and administrative process immunity is misplaced.

23    Defendants cite <u>Masters v. San Bernardino County Employees Retirement Association,</u>
24   as validating the principle that a public employee enjoys immunity for their misrepresentations
25   under Cal Gov Code §822.2. 32 Cal.App.4th 30.  Based upon their interpretation of <u>Masters,</u>
26   Defendants further contend the Plaintiffs failed to specifically plead actual malice in their
27   Complaint. Defendants' Demurrer at 9:3-12 citing Cal Gov. Code §822.2. However, courts do
28   not literally require such an explicit declaration of malice.  Instead courts have allowed Plaintiffs

9

1  to aver facts that infer malice and/or the lack of a goof faith belief in the statements published.

2  Brewer v. Second Baptist Church, (1948) 32 Cal.2d 791.  The showing may simply indicate

3  recklessness.  Roemer v. Retail Credit Co., (1970) 3 Cal.App.3d 368.

4          Finally, Defendants proffer California Civil Code §47(a) and (c) as protecting Defendant

5  Lt. Berlin's statements as privileged.  However, the privilege is only applicable on the condition

6  that Defendant Lt. Berlin was in the "proper discharge of an official duty."  Plaintiff's Complaint

7  avers facts from which it can be directly inferred that Defendant Lt. Berlin was not engaged in

8  the proper discharge of his official duties when he made the complained of remarks.

9          Plaintiffs pled sufficient facts to infer malice and/or recklessness on behalf of Defendant

10  Lt. Berlin.  Plaintiffs' Complaint alleges that Defendant Lt. Berlin "made defamatory and

11  libelous statements to the media concerning the shooting without basis or with knowledge they

12  were false."  Complaint, 4:21-24.  In addition, the Complaint states that Lt. Berlin refused to

13  interview a witness that debunked Lt. Berlin's theory and published statements that the shooting

14  was associated with Mingles.  Complaint, 4:20-28.  Hence, Plaintiffs claim is actionable.

15          The crux of Plaintiffs' claim is that Defendant Lt. Berlin willfully ignored exculpatory

16  evidence, recklessly made the defamatory statements and/or was aware the statements were false

17  at the time he made the statements.  Such allegations at this stage of litigation render the asserted

18  privileges moot by pleading that Defendant Lt. Berlin acted maliciously by pleading that he did

19  not use "due care" in the exercise of his official duties and that he was not engaged in a judicial

20  or administrative process.  Govt Code §§821.6, 822.2.

21

22  G.     Plaintiffs Alleged Facts Sufficient To State A Cause of Action For Denial of Due Process

23          The face of Plaintiffs' Complaint contains factual allegations that constitute a valid claim

24  for denial of their procedural and substantive due process rights.  The Complaint specifically

25  alleges the City engaged in "selective enforcement" of the nuisance laws against Mingles and

26  that other similarly situated businesses (Simones) had not been targeted for nuisance abatement

27  activity although the complained of nuisance activity was common to the general area.

28  Complaint, 4:17-29; 7:13-8:12.  In addition the Complaint also states that the City's refused to

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

CASE NO.: C07-02675 EDL

1  allow the Plaintiffs' to redress their grievances by denying them access to the appeals process.
2  Complaint, 8:4-12. Moreover, contrary to what the City avers in it's motion the Plaintiffs do not
3  enjoy the benefit of their lease and are currently facing an unlawful detainer action predicated
4  upon the City's unconstitutional conduct. The combined allegations sufficiently allege denial of
5  the Plaintiffs' rights to equal protection under the law.

7  H.    Plaintiffs Are Not Required To Prove Their Action For First Amendment Violations On
8                              The Face of Their Complaint

9        Defendants erroneously declare that Plaintiffs' First Amendment Claim is fatally flawed
10 and must be dismissed because in Defendants' estimation it is based upon pure "speculation."
11 Plaintiffs allegations contained in their Complaint are derived from their information and belief
12 after a reasonable inquiry, under the circumstances was made.  Moreover, Plaintiffs need only
13 demonstrate some basis upon which to have a good faith belief that the City's conduct was aimed
14 at curbing their free speech rights.  The Complaint sufficiently alleges such conduct by stating
15 that the Plaintiffs were engaged in facilitating and participating in a particular form of speech
16 and that the City's conduct was motivated by an intent to silence and/or chill the Plaintiffs
17 speech.. Complain, 3:23-28 Hence, Plaintiffs claim is actionable and should not be dismissed.

19 **IV.    CONCLUSION**

20       The Defendants motion to dismiss Plaintiff's entire Complaint on the asserted procedural
21 and substantive legal grounds should be denied.  Plaintiffs have demonstrated through their
22 pleadings and this memorandum of points and authorities along with any additional information
23 produced at oral argument that they have complied with the federal notice pleading requirement
24 and have alleged such facts as to raise exceptions or conversely the inapplicability of the
25 immunities Defendant City seeks refuge under.  Therefore, Plaintiffs respectfully request this
26 court denies Defendants' motion or in the alternate grant Plaintiffs leave to amend their
27 Complaint in a manner consistent with the court's order.

Date:  July 10, 2007                    LAW OFFICES OF JOHN L. BURRIS

                                        _____/s/_____
                                        Adanté D. Pointer
                                        Attorneys for Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

CASE NO.: C07-02675 EDL