# EXHIBIT A

ATTORNEYS

DAVID BRYDEN

LAW OFFICE OF
# DAVID BRYDEN
160 FRANKLIN STREET
SUITE 205
OAKLAND, CA 94607

TEL: 510-839-4887
FAX: 510-839-4889
DBRYDEN@SBCGLOBAL.NET

March 2, 2007

Mr. John Russo
City Attorney
City of Oakland
One Frank H. Ogawa Plaza 6th Floor
Oakland, California 94611

Mr. Arturo Sanchez
Deputy City Attorney
City of Oakland
One Frank H. Ogawa Plaza 6th Floor
Oakland, California 94611

Re: **CLAIM FOR DAMAGES $500,000 FRED IVEY dba AFI MARKETING**
370 Embarcadero W. Oakland, California

The purpose of this letter is to make a claim against The City of Oakland California in compliance with the California Government Code §§945 et seq and any other applicable claim statute or ordinance. This notice is not intended to be exhaustive of the entire legal basis for the claim nor all the facts the support the claim. Claimant reserves the right to raise further additional theories of liability.

## SUMMARY

The City of Oakland and the owner of 370 Embarcadero W, Oakland California ("370 Embarcadero LLC") wish to construct a multiple unit condominium building on a site occupied by claimant under a lease. In order to further this objective the City of Oakland has acted in collusion with the property owner to deprive Fred Andy Ivey of his right to operate a lawful business. This has caused Fred Andy Ivey actual damages and anxiety and emotional distress.

FACTS

On or about May 11, 2006 The City mailed a Notice to the then Property Owner Marilyn Cohn aka Marilyn Arnold alleging that a nuisance was maintained at the property concerning claimants night club. Claimant attempted to appeal a declaration of nuisance and was informed that claimant has no standing. Claimant then negotiated in good faith to reach resolution in abating any nuisance.

The City's threatening the previous owner with fines over an alleged nuisance caused her to sell the property to the present putative developer at a reduced price.

The City immediately approved building permits for the developer.

On November 11, 2006 Oakland Police responded to a shooting homicide at the 200 block of Webster street. Police officer on the scene immediately linked the homicide to the operation of Mingle's Nightclub and made misleading and defamatory statements to the media.

Claimant voluntarily closed the Mingles night club operation and conducted an independent investigation which, inter alia, uncovered witnesses to the shooting who police declined to interview

On December 1, 2006 claimant met with Barbara Killey, O.P.D. Sgt. Thomas and OPD Officer Graef concerning the Cabaret permit. Claimant stated he had an ABC liquor license and intended to open on December 15, 2006.

The City of Oakland sent a police officer to investigate repair work being conducted on the building. The OPD ordered the repairmen, supervised by a Mr. Rodriguez to cease doing repairs. Officer Graef caused a notice (attached) indicating that building is to remain closed.

Claimant has made numerous attempts to obtain information from the City of Oakland on how to re open the business ( for example see attached to Linda Blair). The City of Oakland had been non responsive.

Claimant has attempted to have the building inspected and to seek the cooperation of the landlord and the City .

Claimant has made several attempts to obtain advice on repairs and permits. As recently as February 26, 2007 claimant appeared at the Permit Center and was informed that Mr. Sanchez had placed a note in the file on the property that no permits were to be issued.

Claimant has made repeated attempts to appeal or defend against accusations of nuisance . Claimant has not been afforded any process.

The decision to declare the property and the business a public nuisance was made without due process of law and in violation of the Constitution of the State of California and the Constitution of the United States.

The decision constitutes an unlawful taking or property and property rights. The decision may act to deny the Partnership which owns Mingles a right to make a living and is a taking of their interest in and of the value of the business.

The decision was made without a lawful consideration of the evidence. No evidence establishes a casual link between the lawful operation of Mingles and the behaviors that were complained of as cited in the Notice to Marilyn Cohn. There are many similar business operations in the jack London Square Area and the problem of violent crime cannot be attributed to any one business.

The decision is discriminatory. Mingles is a minority owned business that serves a diverse section of the Oakland community attracting many law abiding people to the area . Mingles also provide an entertainment venue that predominately serves younger African Americans. There is no rational for singling out this one business operation from the many other businesses in the area.

The actions of the City violate the First Amendment rightsa of the claiamnt to freedom of assembly and expression.

The decision does not take in to account the many actions taken by Mingles to prevent criminal activity to deter criminal activity and to make the area safer for the public. The decision ignores the many requests to the Oakland Police Department to better patrol the area, to patrol the area at closing time and assist in specific instances of criminal activity, said request either being ignored or intentionally refused.

The decision was made without benefit of a hearing and without a public hearing

The decision to was rendered without attempting to place conditions on the operation of the business designed to abate a nuisance. Such conditions may have included and would not be limited to:

A. Requiring to have a private security guard and OPD cooperation agreement to enforce the law violations- were taking place on other properties near the business.

B. Changing the hours of the business.

The takings clause of the Fifth Amendment to the federal Constitution provides "[N]or shall private property be taken for public use, without just compensation." "The

07/09/2007 14:00    5108396348                LAW OFFICE                              PAGE 07

aim of the Clause is to prevent the government 'from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.' [(Armstrong v. United States [(1960)] 364 U.S. 40, 49  Eastern Enterprises v. Apfel (1998) 524 U.S. 498, 522.) Similarly, the California Constitution at article I, section 19, provides that "[p]rivate property may be taken or damaged for public use only when just compensation ... has first been paid ...."

Dated: March 2, 2007

_____David Bryden_



# CITY OF OAKLAND

ONE FRANK H. OGAWA PLAZA • 6TH FLOOR • OAKLAND, CALIFORNIA 94612

Office of the City Attorney  
John A. Russo  
City Attorney

March 8, 2007

(510) 238-3601  
FAX: (510) 238-6500  
TTY/TDD: (510) 238-7367

David Bryden, Attorney At Law  
Law Office of David Bryden  
160 Franklin Street, #205  
Oakland, CA 94607

RE: **CLAIM AGAINST THE CITY OF OAKLAND – Fred Ivey dba AFI Marketing**  
**Claim Number:   C25759**

Dear David Bryden:

We are in receipt of the claim you filed against the City of Oakland on March 06, 2007. I am the investigator assigned to handle the claim. My telephone number is (510) 238-2964 and I will be contacting you shortly.

Although we are currently investigating the claim, be advised California Government Code §912.4 allows 45 days to conduct our investigation. Please do not construe this letter as an acceptance or denial of this claim.

Once our investigation is concluded, we will notify you. Thank you for your cooperation.

Very truly yours,

JOHN A. RUSSO  
City Attorney

By: *Ellen Dolese/mg*  
Ellen Dolese  
Claims Investigator

# CITY OF OAKLAND 

ONE FRANK OGAWA PLAZA • 6TH FLOOR • OAKLAND, CALIFORNIA  94612

Office of the City Attorney  
John A. Russo  
City Attorney

(510) 238-3601  
FAX: (510) 238-6500  
TDD: (510) 839-6451

March 12, 2007

David Bryden  
Law Office of David Bryden  
160 Franklin Street, Suite 205  
Oakland, CA 94607

**RE: DENIAL OF CLAIM AGAINST THE CITY OF OAKLAND**  
    Claimant:    Fred Ivey dba AFI Marketing  
    Date of Loss:  03/06/07  
    Our Claim Number: C25759

Dear Mr. Bryden:

NOTICE IS HEREBY GIVEN that the claim filed with the City of Oakland has revealed no indication of liability on the part of the City of Oakland. Accordingly, the claim is denied.

**WARNING**

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action arising under California law for which a claim is mandated by the California Government Tort Claims Act, Government Code sections 900 et. Seq. Other causes of action, including those arising under federal law, may have shorter time limitations for filing.

Very truly yours,

JOHN A. RUSSO  
City Attorney

By: _____  
ELLEN DOLESE  
Investigator

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx  
PROOF OF SERVICE BY MAIL

I am a citizen of the United States, over 18 years of age, a resident of Alameda County, and not a party to the above action. My business address is One Frank Ogawa Plaza, 6th Floor, Oakland, California 94612. I served a copy of the above notice by placing it in an envelope addressed as shown above, which envelope was then sealed and postage fully prepaid thereon and was on this day deposited in the United States mail at City Hall, Oakland, California.

I declare under penalty of perjury that the foregoing is true and correct.  
Executed at Oakland, California, on __03/13/07__    _Mary Jones_  
                                               Signature