# EXHIBIT

B

1  David Bryden SBN 161144
   160 Franklin St.
2  Oakland CA 94607
   tel 510 839 4687
3  fax 510 839 4689

4  Attorney for Fred Andy Ivey and John Ivey

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 3 2007

CLERK OF THE SUPERIOR COURT
By E. BAKER
                Deputy

LD 5/21/07

SUPREME COURT OF CALIFORNIA

ALAMEDA COUNTY

FRED ANDY IVEY dba AFI MARKETING and ) CASE # RG 07320746
JOHN IVEY                              )
                                       ) COMPLAINT
Plaintiffs                             )
                                       ) VIOLATION OF CIVIL RIGHTS
v.                                     ) UNDER COLOR OF STATE
                                       ) LAW [ 42 USC §1983 ]
CITY OF OAKLAND, CALIFORNIA,           )
370 EMBARCADERO W LLC, VANGUARD        ) FREE SPEECH
PROPERTIES INC, JACOB GRAEF,           ) DUE PROCESS
JOHN RUSSO, ETHAN NASR, TOM BERLIN,    ) EQUAL PROTECTION
ARTURO SANCHEZ, and DOES 1 -50         )
                                       ) BREACH OF COVENANT OF
                                       ) GOOD FAITH & FAIR DEALING
                                       )
                                       ) NEGLIGENCE, LIBEL
Defendants                             ) INVERSE CONDEMNATION
                                       )
_____)

PLAINTIFFS ALLEGE:

1. This is an action brought under 42 U.S.C. §1983 to recover damages from THE CITY OF OAKLAND CALIFORNIA and 370 EMBARCADERO W. LLC Who acting in collusion and under color of state law violated both Plaintiffs' right to Due Process of Law and Right to Equal Protection Under the Law as guaranteed by the 14th Amendment to the

Ivey v. Oakland COMPLAINT

1  Constitution of the United States and Right to Free Speech as Guaranteed by the First
2  Amendment to the United States Constitution as further set out below. The complaint also
3  states Causes of Action for Breach of the Covenant of Good Faith and Fair Dealing as to
4  Defendant 370 Embarcadero W. LLC. Causing damages to Plaintiff Fred Ivey and for
5  Negligence and Inverse Condemnation in violation of California Constitution Art. 1 §19
6  by the City of Oakland causing damage to Plaintiff Fred Ivey and an action for Libel by Lt.
7  Tom Berlin causing damage to Plaintiff John Ivey.
8  2.  Plaintiff Fred Andy Ivey is a natural person doing and at all times mentioned herein
9  was and is doing business as AFI Marketing Inc in the City of Oakland California .was and
10 is a resident of the State of Florida.
11 3.  Plaintiff John Ivey is a natural person doing and at all times mentioned herein was and
12 is       a RESIDENT OF Oakland, Alameda County , California.
13 4.  Defendant CITY OF OAKLAND, ("CITY") is and at all times mentioned herein was a
14 charter city organized and existing under the constitution and laws of the State of
15 California.
16 5.  Defendant 370 Embarcadero LLC is a limited liability Corporation formed for the sole
17 purpose of developing a high rise condominium building at 370 Embarcadero W. City of
18 Oakland, California . 370 Embarcadero LLC is wholly owned by Defendant VANGUARD
19 PROPERTIES form of entity unknown Plaintiffs. 370 Embarcadero W. is the alter ego of
20 Vanguard properties such that liability to 370 Embarcadero LLC should be liability to
21 Vanguard Properties.
22 6.  Defendant JOHN RUSSO is the City Attorney for The City of Oakland.
23 7.  Defendant ETHAN NASR is an Attorney for the City of Oakland.
24 8.  Defendant ARTURO SANCHEZ , is and was an employee of the City of Oakland, as
25 an Attorney.
26 9.  Defendant JACOB GRAEF is and was employed by the City of Oakland , Police
27 Department Vice , Alcoholic Beverages Unit.
28 10. Defendant Lt. TOM BERLIN is and was  employed by the City of Oakland , Police

Ivey v. Oakland COMPLAINT            - 2 -

1 | Department

2 | 1.   Plaintiffs are informed and so believe, and thereon allege, that each of the
3 | Defendants herein, was at all times relevant to this action, the owner, agent, employee,
4 | representing partner, and/ or joint venturer of the remaining Defendants and was acting
5 | within the scope and course of that relationship. Plaintiff is further informed and believes,
6 | and thereon alleges, that each of the Defendants herein gave consent, ratified, and
7 | authorized the acts alleged herein to each of the remaining Defendants.

8 | 12. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein
9 | as Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names.
10 | Plaintiff will pray leave of this Court to amend this complaint to allege the true names and
11 | capacities when ascertained.

### GENERAL FACTUAL ALLEGATIONS

15 | 1.   In April 2006 Defendant 370 Embarcadero W. LLC , or agents intending to form that
16 | Corporation, applied for pre approval zoning and other issues, with Defendant City of
17 | Oakland for a "95 unit mixed use building" . Application # ZP060091
18 | 14.   In May of 2006 Plaintiff Fred Ivey dba AFI Marketing incorporated had a contract for
19 | the lease of real property commonly known as 370 Embarcadero West, City of Oakland
20 | with the owner Marilyn Cohn aka Marilyn Arnold. The Lease term in the contract was July
21 | 2002 through June 30, 2009. COPY OF THE CONTRACT IS ATTACHED AS EXHIBIT
22 | ONE and is incorporated by reference herein.
23 | 15.   Plaintiff Fred Ivey and his brother John Ivey operated " Mingles" at the 370
24 | Embarcadero W. location since July 2002. Mingles was a popular and highly profitable
25 | night club offering live music venues. The music generally was described as "Urban Hip
26 | Hop" and "Rap". Mingles also offered poetry readings and an open microphone venue
27 | where any one was allowed to provide uncensored artistic renditions or to make social and
28 | political commentary.

Ivey v. Oakland COMPLAINT          - 3 -

16. On or about May 11, 2006 Defendant Nathan Nasr signed a letter with Defendant John Russo's name on it from the City Attorney and addressed to Marilyn Arnold at the address of Marilyn Cohn and concerning 370 Embarcadero W. . Said letter declared that there was "Nuisance" on the Property and threatened "(d)rastic remedies, including the associated administrative and legal fees".

1. Upon learning of the Nuisance letter Plaintiffs immediately agreed to indemnify and defend Marilyn Cohn pursuant to the Lease Agreement alleged herein.

8. Plaintiffs attempted to file with the Defendant City of Oakland an "Administrative Appeal Declaration of Nuisance" The City of Oakland and in particular, Defendant Arturo Sanchez would not accept the Appeal.

9. Plaintiffs negotiated in good faith with The City and instituted a number of recommendations concerning security and dress codes voluntarily.

20. Defendant 370 Embarcadero LLC offered to purchase the property from Marilyn Cohn. They negotiated a sale and the lease was assigned to 370 Embarcadero LLC

21. In the early morning hours of November 11, 2006 Deanna Smith was shot and killed at about the 200 block of Webster Street in Oakland.

22. There were three night clubs in operation at the time and near the vicinity where Deanna Smith was shot. "Simones" Night Club, "The Warehouse Bar and Grill" and Mingles"

23. Defendant Lt. Tom Berlin of the Oakland Police Department arrived on the scene to investigate the shooting. Defendant Berlin, without cause made defamatory and libelous statements to the media concerning the shooting without basis or with knowledge that they were false. Among the false statements made were that the shooting was associated with Mingles. That Smith had been in Mingles immediately prior to the shooting, that there was two factions shooting at each other and that Smith was caught in the cross fire.

24. Defendant Berlin refused to interview a witness claiming to see the shooter and claiming that Smith had come from Simone's night club prior to the shooting.

25. Defendant Berlin's false statements were repeated on radio, television and news

Ivey v. Oakland COMPLAINT              - 4 -

1. paper accounts of the shooting relating the shooting to the operations of Mingles.
2. 26 Plaintiff John Ivey, acting as General Manager of Mingles and out of concern for public safety voluntarily closed Mingles Night Club.
3. 27. Plaintiffs conducted an independent investigation in to the shooting of Smith and reviewed every aspect of their operations.
4. 28. Plaintiffs concluded that the Smith shooting was not related to or caused by their operations.
5. 29 On December1, 2006 Defendant Fred Ivey met with Barbara Killey (an administrative hearing officer for Oakland , Defendant Graef and others to discuss the reinstatement of Mingle's CABARET PERMIT. A Cabaret Permit is necessary to have live music in Oakland. Killey stated that she considered the Cabaret Permit suspended from the closing of Mingles.
6. 30. During the meeting Killey and other representatives of the City of Oakland made it clear that they expected Mingles to remain shut down and without a Cabaret Permit.
7. 31. At the Meeting Plaintiff Fred Ivey announced his intention to re open on December 15, 2006 for sales of alcoholic beverages only until he could obtain a cabaret permit .
8. 32. Plaintiffs then engaged the services of a Mr. Rodriguez to make general repairs to the interior of the building including repair of a dangerous condition to the floor. None of the repairs required a building permit.
9. 33. In January 2006 while engaged in the repairs, Rodriguez and his employees were confronted by members of the Oakland Police Department unknown to Plaintiffs. The Police Officers instructed them to cease doing any repair work without permission of the owner and without a permit
10. 34. Plaintiffs attempted to contact the owner, Defendant 370 Embarcadero LLC to obtain cooperation with the repairs. The defendant did not respond.
11. 35 Rodriguez felt that a Permit might be required for the installation of a sink. Rodriguez went to the City Permit Center and was told that a "special note" was placed in the property file instructing that no permits were to be issued.

Ivey v. Oakland COMPLAINT                 - 5 -

36. Rodriguez returned to the Permit Center a second time to make inquiries and was once again told that no permits could be issued and no repairs made to the building.

37. On or about January 6, 2007 a letter from Defendant John Russo, City attorney signed by Defendant Ethan Nasr addressed to Marge Vincent, and employee, agent or principal of Defendant 370 Embarcadero LLC was mailed. The letter was intended to be a official notice of nuisance activity At 370 Embarcadero W. Oakland. No notice was given to Plaintiffs

38. Defendant 370 Embarcadero LLC did not inform the Plaintiffs of the Notice of Nuisance which, inter alia, alleged that Plaintiffs were creating a nuisance on the property.

39. Defendant 370 Embarcadero did not investigate in to the allegations contained in the Notice of nuisance, failed to appeal, challenge or rebut the allegations in any way and allowed a thirty day appeal period to expire.

40. Upon learning of the Notice of Nuisance plaintiffs requested information on how to appeal the Notice and was told by City Officials that they had no standing and could not appeal.

41. On or about the first week of January 2007 Plaintiffs made an arrangement and reached an agreement that, Officer Graef from the City of Oakland, other City Inspectors and Guillermo Rodriguez would meet at the premises on January 12, 2007 to discuss what repairs would be necessary to re open the lease hold for business. Neither the City nor the Landlord appeared at the premises as agreed.

42. On or about December 15, 2007 Defendant Officer Jacob Graef caused to be posted an official form at the Premises closing the business until " complete inspections..."

43. After December 16, 2007 Plaintiffs made numerous attempts to learn from Graef and others with the City of Oakland how to proceed with obtaining the various inspections alluded to by the Notice. These attempts were directed at Officer Graef, at John Russo and Laura Blair. To date Plaintiffs have received no answer to the inquiries as to how to obtain the inspections the City desires.

44. On January 23, 2007 Plaintiff Fred Ivey caused a letter, attached as Exhibit Two and

Ivey v. Oakland COMPLAINT                       - 6 -

1  incorporated by reference to marge Vincent, Defendant 370 Embarcadero LLC has never
2  responded to the letter.
3  45. On January 24, 2007 Defendant 370 Embarcadero LLC filed suit in unlawful detainer
4  against Plaintiff Fred Ivey Alameda # WG07 307 307885.
5
6              FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
7              DENIAL OF EQUAL PROTECTION UNDER THE LAW
8
9  46. Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 above.
10  47. The City of Oakland and the 370 Embarcadero LLC have acted in collusion to shut
11  down Mingles Night Club to further the City's aims further developing residential housing
12  in the area to increase its tax base and for the benefit and profit of 370 Embarcadero LLC.
13  48.   One tool to shut down Mingles is the Notice of Nuisance. The two Notices of
14  Nuisances issued here only allege general criminal activity common to the Oakland Urban
15  Area. The Second Notice of January 2007 alleges a nuisance when the business was not
16  operating.
17  49. Numerous other businesses operate similar operations to Mingles night club in the
18  area commonly known as the Jack London Square Area.
19  50.  No other business has been declared or noticed as a nuisance in the Jack London
20  Square Area.
21  51.   The City's selective enforcement of nuisance laws and wrong application of the
22  nuisances law as to the Mingles business denies and denies the plaintiffs their right to
23  Equal Protection of the law as guaranteed by the Fourteenth Amendment to the
24  Constitution of the United States .
25  52. As a proximate cause of the denial of equal protection of the law plaintiffs have been
26  damaged in loss of their business and employment in an amount to be proven at trial.
27
28

Ivey v. Oakland COMPLAINT            - 7 -

## SECOND CAUSE OF ACTION AS TO ALL DEFENDANTS
## DENIAL OF DUE PROCESS

53. Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47 above.

54. The City's refusal to allow the plaintiffs to challenge or appeal their Notices of Nuisance activity is a refusal to allow due process. The City's refusal to challenge, appeal or allow inspections concerning its Closure Notice issued by Officer Graef is a denial of due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

55. As a proximate cause of the denial of due process of the law plaintiffs have been damaged in loss of their business and employment in an amount to be proven at trial.

## THIRD CAUSE OF ACTION AS TO ALL DEFENDANTS
## VIOLATION OF FREE SPEECH.

56. Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47 above.

57. The closure of Mingles Night Club is motivated in part and has the affect of removing a distinct form of musical and political expression from the Jack London Square Area. They City of Oakland is acting under the color of law to deprive Plaintiffs of their Freedom of Speech as guaranteed by the First Amendment to the Constitution of the United States.

58. Plaintiffs have been damaged in an amount to be proven at trial.

Ivey v. Oakland COMPLAINT                - 8 -

## FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS
## INVERSE CONDEMNATION

59. Plaintiffs re allege and incorporate by reference paragraphs 1 through 45 and 47 above.

60. The actions taken by the City of Oakland constitute a taking of an interest in real property and of an established and vested business interest without compensation in violation of the Fifth Amendment of the Constitution of the United States and is an inverse condemnation in violation of California Constitution Article 1, § 19

61. Plaintiffs have been damaged by this taking in an amount to be determined at trial

## FIFTH CAUSE OF ACTION AS TO DEFENDANT LT. TOM BERLIN
## LIBEL

62. Plaintiffs re allege paragraphs 21 through 25 above.

63. Defendant Tom Berlin made false statements to the press that were published

64. These statements concerned the business of plaintiffs

65. The publication of these statements injured plaintiffs in their occupation.

66. The false statements were the proximate cause of special damages to be proven at trial.

## SIXTH CAUSE OF ACTION AS 370 EMBARCADERO LLC.
## BREACH OF COVENANT OF GOOD FAITH A FAIR DEALING

68. Plaintiff Fred Andy Ivey re alleges and incorporates by reference paragraphs 1 through 45 and 47 above.

67. The lease contract contains an implied covenant of good faith and fair dealing which requires Defendant 370 Embarcadero LLC to refrain from doing anything which would make performance of the contract impossible. The covenant presupposes that 370

Ivey v. Oakland COMPLAINT         - 9 -

1  Embarcadero LLC would do to accomplish its purposes.

2  69.  370 Embarcadero LLC purchased the building with full knowledge that the City had alleged a nuisance.

4  70.  In failing to allow for inspections, to cooperate with obtaining a permit, not informing Plaintiff that it had received a Notice of Nuisance and with not allowing Plaintiff to challenge or appeal a Notice of Nuisance, Defendant has breached the Covenant of Good Faith and Fair Dealing.

8  71.  Plaintiff has been proximately caused damages by the breaches in an amount to be determined at trial.

WHEREFORE PLAINTIFFS PRAY

1. For judgment to be entered
2. For costs.
3. For attorneys fees pursuant to contract with defendant 370 Embarcadero LLC.
4. For declaratory relief as appropriate against Defendant City of Oakland.

Dated: April   2007

_____
David Bryden

Ivey v. Oakland COMPLAINT                    - 10 -