1   ANDREW M. ZACKS (CA# 147794)
    JAMES B. KRAUS (CA # 184118)
2   ZACKS UTRECHT & LEADBETTER
    235 Montgomery Street, Suite 400
3   San Francisco, CA 94104
    (415) 956-8100
4

5   Attorneys for defendants
    370 Embarcadero W LLC and Vanguard Properties, Inc.
6

7              UNITED STATES FEDERAL DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                       SAN FRANCISCO

10

11  FRED ANDY IVEY dba AFI            )   CASE NO. 3:07-cv-02675-EDL
    MARKETING and JOHN IVEY,          )
                                      )   REPLY BRIEF IN SUPPORT OF
12                                    )   DEFENDANTS' 370
            Plaintiffs,               )   EMBARCADERO W LLC, AND
13                                    )   VANGUARD PROPERTIES, INC.
                                      )   MOTION FOR REMAND TO
14       v.                           )   STATE COURT
                                      )
15  CITY OF OAKLAND, CALIFORNIA, )
    370 EMBARCADERO W LLC,            )   [28 U.S.C. § 1447]
16  VANGUARD PROPERTIES, INC.,        )
    JACOB GRAEF, JOHN RUSSO,          )
17  ETHAN NASR, TOM BERLIN,           )   Hearing Date:    August 7, 2007
    ARTURO SANCHEZ, and DOES 1-50,)       Hearing Time:    9:00 a.m.
18                                    )   Courtroom:       E - 15th floor
19          Defendants.               )
                                      )
20  _____ )

21

22

23

24

25

26

27

28
                                      1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

I.    LEGAL STANDARD  ........................................... 1

II.   THE COMPLAINT PROPERLY PLEADS FEDERAL CLAIMS AGAINST
      370 EMBARCADERO W LLC ................................. 1

## TABLE OF AUTHORITIES

Brown v. Allstate Ins. Co., 17 F.Supp.2d 1134 (S.D. Cal. 1998).........................................1

Empress LLC v. City and County of San Francisco, 419 F.3d 1052 (9th Cir. 2005).......1

Parks School of Business, Inc. v. Symington, 51 F.3d 1480 (9th Cir. 1995)....................1

i

I.     LEGAL STANDARD

"This court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiff." (Brown v. Allstate Ins. Co., 17 F.Supp.2d 1134, 1137 (S.D. Cal. 1998), citing Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995))  However, there is no heightened pleading standard in the 9th Circuit, "in cases other than those governed by Rule 9(b)." (Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1055 (9th Cir. 2005))

II.     THE COMPLAINT PROPERLY PLEADS FEDERAL CLAIMS AGAINST 370 EMBARCADERO W LLC

While Oakland is generally correct about the applicable legal standards, it ignores a great deal of the factual allegations.  It only refers to the first paragraph.  It does not refer to paragraph 47, which states:

> The City of Oakland and the 370 Embarcadero LLC have acted in collusion to shut down Mingles Night Club to further the City's aims further developing residential housing in the area to increase its tax base and for the benefit and profit of 370 Embarcadero LLC.

Indeed, a reasonable construction of the complaint clearly indicates that Plaintiffs are pleading that Oakland has a specific interest in shutting down Mingles because of shootings and other unlawful behavior either at the club or associated with its operation, and that defendant 370 Embarcadero has business reasons for developing the property for other use, which the Oakland is actively encouraging and assisting. (¶¶ 1 (2nd # 1), 14-16, 23-30, 31-39, 41, 42, 47-51, 54)  It is

1

1  further reasonable to read the complaint as alleging that Oakland and 370

2  Embarcadero are working together to accomplish the change in use of the property,

3  and doing so in concert. There is no other reasonable interpretation. While 370

4  Embarcadero considers the allegations to be preposterous, that is a matter of proof,

5  not pleading, and the complaint clearly and sufficiently alleges joint action such that

6

7  the actions of the Defendants are "inextricably intertwined": Oakland is furnishing

8  the nuisance violations and specifically targeting the club for gang operations, and

9  370 Embarcadero is acting on Oakland's notices of nuisance in order to establish

10  Plaintiffs' breach of the lease necessary to redevelop the property. 370 Embarcadero

11

12  will prove otherwise, but will do so in Alameda County Superior Court because it

13  does not consent to removal and therefore the United States District Court lacks

14  subject matter jurisdiction.

15

16  Date: July 31, 2007                    ZACKS UTRECHT & LEADBETTER, P.C.

17

18                                         _____

19                                         By:   James B. Kraus
                                                 Attorneys for 370 and Vanguard

20

21

22

23

24

25

26

27

28

2