IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED ANDY IVEY, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF OAKLAND, et al.,<br><br>        Defendants.           / | No. C-07-02675 EDL<br><br>**ORDER GRANTING DEFENDANTS 370 EMBARCADERO AND VANGUARD PROPERTIES' MOTION TO REMAND; DENYING AS MOOT PLAINTIFFS' MOTION TO REMAND; AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS** |

Defendants City of Oakland, John Russo, Arturo Sanchez and Ethan Nasr ("City Defendants") removed this case on the ground that this Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Defendants 370 Embarcadero and Vanguard Properties ("370 Embarcadero") moved to remand this case on the ground that they have not consented to removal as required pursuant to 28 U.S.C. § 1441. Plaintiffs Fred Ivey dba AFI Marketing and John Ivey filed their own motion to remand raising the same issue. Defendants City of Oakland, John Russo, Arturo Sanchez, Ethan Nasr and Jacob Graef filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court determined that these matters are appropriate for decision without oral argument, the hearing for August 7, 2007 was vacated.

**Factual Background**

According to the complaint, Plaintiffs entered into an agreement in 2002 with then-owner Marilyn Cohn (aka Marilyn Arnold) to lease real property at 370 Embarcadero in Oakland, California from July 2002 through June 30, 2009. From June 2002 until some time in late 2006,

1  Plaintiffs operated a club called "Mingles" at 370 Embarcadero. On or about May 11, 2006,
2  Defendant Ethan Nasr of the Oakland City Attorney's office sent a letter addressed to Marilyn Cohn
3  concerning 370 Embarcadero indicating that there was a "nuisance" on the property and threatening
4  administrative action. Compl. at ¶ 16. Upon learning of such letter, Plaintiffs agreed to indemnify
5  Ms. Cohn and subsequently attempted to file an "Administrative Appeal Declaration of Nuisance"
6  with the City of Oakland. Id. at ¶¶ 17-18. However, defendant Arturo Sanchez allegedly would not
7  accept Plaintiffs' Appeal. Id. at ¶ 18.

8  Plaintiffs allege that Defendant 370 Embarcadero bought the property from Marilyn Cohn
9  and that Plaintiffs' lease agreement was assigned to 370 Embarcadero. Compl. at ¶ 20. In April
10 2006, 370 Embarcadero or its agents applied for pre-approval zoning with the City of Oakland for a
11 "95 unit mixed use building." Id. at ¶ 13. Plaintiffs allege that 370 Embarcadero was formed as a
12 limited liability company "for the sole purpose of developing a high rise condominium building at
13 370 Embarcadero." Id. at ¶ 5.

14 On November 11, 2006, Deanna Smith was shot and killed near the 200 block of Webster
15 Street in Oakland. Compl. at ¶ 21. According to Plaintiffs, at that time, there were three night clubs
16 in operation in the vicinity where Ms. Smith was shot: "Simone's," "The Warehouse Bar" and
17 "Mingles." Id. at ¶ 22. According to the Complaint, Defendant Lt. Tom Berlin of the Oakland
18 Police Department arrived at the scene to investigate the shooting. Compl. at ¶ 23. Plaintiffs allege
19 that Lt. Berlin made defamatory and libelous statements to the media regarding a relationship
20 between Mingles and the shooting. Id. at 23. Plaintiffs further allege that Lt. Berlin refused to
21 interview a witness who claimed that the victim had been in Simone's prior to the shooting. Id. at ¶
22 24. Plaintiffs state that they voluntarily closed Mingles for some time after the shooting. Compl. at
23 ¶ 25. Plaintiffs also conducted an independent investigation of the shooting and concluded that the
24 shooting was neither related to nor caused by the operation of Mingles. Id. at 27-28.

25 On December 1, 2006, Plaintiff Fred Ivey met with an administrative hearing officer for the
26 City of Oakland regarding the reinstatement of Mingles' cabaret permit. Id. at ¶ 29. Plaintiffs allege
27 that the hearing officer considered Mingles' cabaret permit to be suspended due to the closing of
28 Mingles after the shooting. Plaintiffs further allege that several representatives from the City of

2

Oakland "made clear that they expected Mingles to remain shut down and without a cabaret permit." Id. at ¶ 30. At this meeting with City of Oakland representatives, Plaintiff Fred Ivey announced his intention to open Mingles on December 15, 2006 for the sale of alcoholic beverages only until he could obtain a cabaret permit, which allows live music. Compl. at ¶ 29, 31.

Subsequently, Plaintiffs engaged the services of Mr. Rodriguez to make general repairs to the interior of the building. Compl. at ¶ 32. Plaintiffs allege that members of the Oakland Police Department instructed Mr. Rodriguez to cease all work until he obtained the permission of the 370 Defendant as well as a permit authorizing the repairs. Id. at ¶ 33. Plaintiffs attempted to contact the 370 Embarcadero to obtain cooperation with the repairs, but 370 Embarcadero did not respond. Compl. at ¶ 34. When Mr. Rodriguez attempted to obtain a permit allowing the repairs, he was denied and was told that "a 'special note' was placed in the property file instructing that no permits were to be issued." Id. at ¶ 35.

On January 6, 2007, Defendant John Russo sent a letter to an employee of 370 Embarcadero, which "was intended to be an official notice of nuisance activity at 370 Embarcadero." Compl. at ¶ 37. No notice was given to Plaintiffs. Id. Plaintiffs allege that 370 Embarcadero did not inform Plaintiffs of the notice of nuisance, that 370 Embarcadero did not investigate the allegations of nuisance, and that 370 Embarcadero allowed the 30-day time frame to appeal the notice to expire thereby depriving Plaintiffs of the ability to challenge the notice. Compl. at ¶¶ 38-40.

Plaintiffs allege that Mr. Rodriguez, Defendant Graef, and other un-named City inspectors were scheduled to meet on January 12, 2007 in an effort to discuss what repairs would be necessary to allow Mingles to open for business. Compl. at ¶ 41. According to Plaintiffs, neither the City nor the 370 Embarcadero representatives attended the meeting as they had agreed. Id. On December 15, 2007 [sic], Defendant Graef posted an official form closing Mingles pending "complete inspections. . . " Compl. at ¶ 42. Around that time, Plaintiffs contacted Defendant Graef and other representatives of the City of Oakland in an effort to obtain the required inspections, but have never received an answer as to what is required. Id. at ¶ 43. On January 24, 2007, 370 Embarcadero filed suit in unlawful detainer against Plaintiff Fred Levy in Alameda County state court. Compl. at ¶ 45.

Plaintiffs filed this case pursuant to 42 U.S.C. § 1983, alleging three claims against all

3

defendants: (1) denial of equal protection, (2) denial of due process, and (3) violation of free speech. Plaintiffs also claim that all Defendants' actions in effectively taking Plaintiffs' property violated their rights under the California Constitution and the U.S. Constitution. Specifically, Plaintiffs allege that all Defendants colluded to close Mingles to further the City of Oakland's goal to develop additional residential housing and to benefit 370 Embarcadero. Compl. ¶ 47. Finally, Plaintiffs allege state law claims for libel and breach of the covenant of good faith and fair dealing against Defendant Lt. Tom Berlin and 370 Embarcadero, respectively.

**Discussion**

### 370 Embarcadero's Motion to Remand

Defendants may remove to federal district court those cases over which the federal court would have had original subject matter jurisdiction. 28 U.S.C. §1441(a). A removed case may be remanded to state court based on a "defect" in the removal procedure, or at any time before final judgment, if the federal court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden of proving the propriety of removal rests with the removing party. Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006); United Computer Sys. v. AT & T Corp., 298 F.3d 756, 763 (9th Cir. 2002); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal...."). Courts strictly construe the removal statute against removal jurisdiction. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Any doubt about the propriety of removal is resolved in favor of remand. Id.

When there is more than one defendant in an action, all defendants must unanimously agree to join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). Failure to comply with the unanimity requirement renders the removal procedurally defective. See Emrich, 846 F.2d at 1193, n. 1. However, where a plaintiff alleges "separate and independent" claims against a defendant, that defendant need not obtain consent for removal from other defendants. See 28 U.S.C. § 1441(c). This statutory exception to the unanimity requirement does not apply, however, where a plaintiff's complaint is based on an interlocked series of transactions and results in only one wrong to plaintiff. See Emrich, 846 F.2d at 1197. In such cases, there is no "separate and

4

independent claim" and, therefore, all defendants must consent to a removal to federal court.

Here, 370 Embarcadero moves to remand on the ground that removal is defective because it did not consent to removal pursuant to 28 U.S.C. § 1441. In their opposition, the City Defendants contend that the statutory exception to unanimity applies because Plaintiffs have not adequately alleged § 1983 liability against 370 Embarcadero, so consent to removal by all defendants is not required. Defs' Opp. at 2 (citing Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc); Howerton v. Gabica, 708 F.2d 380, 383 (9th Cir. 1983); Brunette v. Humane Society of Ventura County, 294 F.3d 1205 (9th Cir. 2002)). The question of whether Plaintiffs adequately alleged a § 1983 claim against 370 Embarcadero, however, is not the proper inquiry at the removal stage where the City's argument in support of removal is not that 370 Embarcadero is a "sham" defendant, but rather that the claims against the City Defendants are "separate and independent." The test for "separate and independent" claims is not whether a cause of action may be asserted against one party or another. Zaustinsky v. Allied Van Lines, Inc., 1996 WL 193856, at * 2 (N.D. Cal., Apr. 18, 1996) ("[m]erely asserting claims in different causes of action does not make them 'separate and independent'" ) (citing William W. Schwarzer, Federal Civil Practice Before Trial § 2:796 (Rutter Group)). Rather, "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 28 U.S.C. §1441(c)." American Fire & Casualty v. Finn, 341 U.S. 6, 14 (1951).

In this case, the City contends that "the only allegation in plaintiffs' complaint referring to actions of the City of Oakland and 370 Embarcadero W LLC appears in the first paragraph of the complaint, wherein plaintiffs make a general allegation (not a factual allegation) that the City and 370 Embarcadero W LLC. . . acted in collusion and under the color of state law." Defs' Opp. at 3 (citing Compl. at ¶ 1). The City Defendants mischaracterize Plaintiff's complaint. Plaintiffs claim that they have been deprived of their constitutional rights by the City's actions in shutting down their nightclub and that 370 Embarcadero willfully participated in the City Defendants' unlawful actions by deliberate complacency, interference with Plaintiffs' rights or collusion with the City. See, e.g., Compl. ¶¶ 1, 12, 33-41. Specifically, Plaintiffs' allege:

5

> The City of Oakland and the 370 Embarcadero LLC have acted in collusion to shut down Mingles Night Club to further the City's aims further developing residential housing in the area to increase its tax base and for the benefit and profit of 370 Embarcadero LLC.

Compl. ¶ 47. Contrary to the City Defendants' assertions, these allegations, taken together, indicate that Plaintiffs' claims against the City Defendants are not "separate and independent" of those against 370 Embarcadero. Rather, Plaintiffs' allegations describe a series of events that occurred due to the actions and/or inaction of all Defendants that resulted in Plaintiffs' alleged deprivation of rights.

The City Defendants' reliance on Henry v. Independent American Sav. Ass'n., 857 F.2d 995, 999 (5th Cir. 1988) is unavailing. There, the Fifth Circuit noted that the district court "could have" relied on 28 U.S.C. § 1441(c) in allowing removal of a federal housing act claim against one defendant without the consent of all defendants because the claim was "separate and independent" from the state law claims against other defendants, and then determined whether to exercise pendent-party jurisdiction over the state law claims against other defendants. Id. (stating that in deciding whether pendent party jurisdiction was appropriate, the district court should be mindful of the factual relationships between the claims, judicial economy, convenience and the plaintiff's ability to litigate the federal claim within a consolidated state-court action). In this case, unlike in Henry, the claims against all Defendants are sufficiently intertwined that, under American Fire, there is no separate and independent claim against the City Defendants.

The City Defendants have failed to meet their burden to show that removal under 28 U.S.C. 1441(c) is appropriate in this case. Therefore, 370 Embarcadero's Motion to Remand is granted.

**Plaintiffs' Motion to Remand**

Plaintiffs' motion to remand raises the same issues as 370 Embarcadero's motion, but it is untimely because it was filed one day after the 30-day deadline set forth in 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)"). Accordingly, Plaintiffs' Motion to Remand is denied as moot.

**Defendants' Motion to Dismiss**

6

Because the Court has granted 370 Embarcadero's Motion to Remand, the City Defendants' Motion to Dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: August 1, 2007

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge